OPINION of the Court, by
Judge Owsxey.
This writ of error is prosecuted to a judgment recovered by the defendant in error in an action of trespass brought by her in the court below against the present plaintiffs,
The trespass for which the action was brought consisted in cutting trees, &c. not within the actual indo-sure, but on the land of which the plantation whereof the plaintiff in that court lived formed a part. The defendant in error appears to be the widow of John Bun-tain, deceased, who it is proven had a right to the land, and was actually possessed thereof at the time of his decease ⅜; but he at that time had several children living, and the widow is proven to have had no other possession of that part of the land whereon the trespass was committed, than results by implication of law from her being entitled to dower in the land, and hei / having continued in the mansion house and plantation, without dower being assigned her, since the decease of.her husband.
■Whether, therefore, she had such a possession as will maintain an action of trespass, is the only question we deem material to notice in determining''this cause.
That a possession in fact should be proven, has not only been heretofore decided by this court, but is also required by a current of authorities at common law.
But what should be construed such a possession, and to what limits it extends must depend on thé peculiar circumstances of each particular case. Instances no doubt are frequent where an entry on part of a survey *218 will operate to give a possession in fact of the whole, and proof of such an entry will be sufficient evidence of possession to maintain an action for trespass committed on any part. The present case appears not, however, to be of that character. Mrs, Buntain, the widow and plaintiff in the court below, cannot, according to any principle, have been possessed beyond the limits of the plantation. At common law, it is true, she would be entitled to dower of the lands of her deceased husband, but she could thereby have had no several interest in any particular part; and according to the most approved authorities, until dower assigned she had no right of entry. — See 2 Bac. Abr. 375, and the authorities there cited.
The statute of this country, it is true, has permitted the widow to tarry in the mansion house and plantation rent free, until dower is assigned ; but as at common law she would have had no right of entry until then, her remaining in the mansion house should be taken consistent with the statute, and her possession consequently confined to the limits of the plantation.
Mrs. Buntain, therefore, altogether failed to shew such a possession in the land whereon the trespass was committed as entitled her to the action, and for that cause the corn-! below should have directed a new trial.
The judgment of that court must consequently be reversed with costs, anti the cause remanded to that court for a new trial to he therein entered and such other and farther proceedings had as may be consistent with this opinion,