The Chief Justice

delivered the Opinion of the Court.
The only question to be considered in this case, is whether a conveyance of a lot in the city of Louisville by McCormack to Thomas, absolute upon its face, shall, on the facts in the record, be deemed nevertheless a mortgage, as alleged in the bill, and peremptorily denied in the answer.
There being no written memorial of any condition or defeasance, neither the public interest nor the established principles of equitable jurisprudence will allow a court *109 of either equity or law to admit parol testimony, in opposition to the legal import of the deed and the positive denial in the answer, unless a foundation for such evidence had been first laid by an allegation and some proof of fraud or mistake in the execution of the conveyance, or of some vice in the consideration.
When an answer admits that a deed apparently absolute, was, to any extent or for any purpose, conditional, or in trust -the compt. may show the true condition, or the trust, by parol proof.
This rule, though it may operate harshly in a particular case, is, nevertheless, so salutory and conservative, that an inflexible adherence to it is necessary for effectuating the policy of the statute of frauds and perjuries, and of giving proper security to property, and full effect to solemn contracts in writing.
In this case, there is neither allegation nor proof of either fraud or mistake in the execution of the conveyance, nor is there any suggestion of an illegal or immoral consideration, On the contrary, there can be no doubt that, McCormack understood and intended that the conveyance should be absolute on its face, when he signed it; that Thomas was guilty of no fraud in procuring such a conveyance, and that the consideration for it was valuable and legal.
And consequently, had the parol testimony, which is nearly equiponderant, conduced ever so strongly to the deduction that the conveyance was, in fact, intended as a trust for the benefit of McCormack, or as a collateral security to Thomas for a debt due to him from McCormack, still this Court could not give effect to such testimony, or even judicially consider it, without establishing a precedent which might operate as a mischievous relaxation of wholesome rules of law; open a wide door to perjury, and greatly impair, if not altogether destroy, the efficacy and value of written memorials of contracts.
The Chancellor, however, whilst seeming to recognize the authority and value of this principle, decided that the deed was intended as a mortgage.
He appeared to think that the parol testimony preponderated decidedly in favor of that conclusion; and that such testimony was admissible on the ground that Thomas’s answer did not insist on the deed in all respects, according to its apparent import and effect, but described a verbal contract essentially different. But, for this im *110 portant assumption, there is not, as we think, any sufficient foundation.
But where an answer denies that there was any condition or trust, an admission in the answer, that the consideration in fact was different from that recited in the deed, as that it was payable at a future day, when the deed recites that it was paid, that it was such a sum, when the deed states a greater or less sum, &c.—will not justify the admission of parol proof to show, the deed was conditional, when it purports to be absolute.
The recital in a deed, that the consideration was paid, is not conclusive that it was actually paid and not secured to be paid. Nor is a variation, in the amount of the recited consideration, from the true sum, such evidence of fraud or mistake, as will let in parol proof to change the character of the deed from absolute to conditional. Such facts admitted or proved, might tend to corroborate other evidence of fraud, or mistake or illegality of consideration.
*110 Had Thomas admitted that the contract was intended to be conditional, or in trust, to any extent or for any purpose, we admit that then the complainant might have proved, by parol testimony, the true condition or trust; because the admission that the deed did not describe the actual contract between the parties, would have waived the estoppel arising from its apparent import and have presented for litigation a question depending altogether and necessarily on extraneous evidence. But there is no such admission or waiver in the answer; which avers that no trust or condition was contemplated, but that the conveyance was intended to operate as an absolute sale, without reservation or redemption.
The fact that the deed recited a consideration of six hundred dollars, and acknowledged the payment of it, and that nevertheless the answer stated a larger consideration, and admitted that the whole of it had not been paid until some time after the date of the deed, is not, in our judgment, entitled, as the Chancellor appeared to think it was, to the effect of authorizing parol testimony contradicting both the deed and the answer, as to the important question whether the contract was a sale or only a mortgage, and as to which there is no discrepancy between them. A recital in a conveyance, is not conclusive evidence as to the question whether the consideration had been paid or only agreed to be paid; nor can the circumstance that a deed recites a consideration either larger or smaller than that which was actually given, alter the character or impair the conclusive effects of the instrument as a document of title. Any other doctrine would tend to destroy the value of written evidences of title.
Was the contract, as verbally made and secretly understood betwen the parties, intended to be a sale, or only a mortgage? The deed, prescribed by the parties themselves, as the highest evidence of their intentions, clearly imports that they intended an absolute sale. The answer insists that such, and such precisely, was the only contract. Can parol testimony be admissible to contradict *111 the deed and answer in this respect, merely because the deed recites, as is usually done for conformity only, the payment of the consideration, when the answer admits that it had not all been paid, but only agreed to be paid, or because the deed states a consideration of six hundred dollars, and the answer says that it was more, perhaps nine hundred dollars ? Surely not. Such a suicidal doctrine is unsanctioned, so far as we know or believe, by the authority of any reported case or admitted principle.
The grantor in a deed cannot, nor can his heirs, be relieved in equity, from the legal effect of a deed, which tho' intended to be a mortgage, was made absolute, to screen the property from other creditors.
The circumstances to which we have just alluded, might be admissible for corroberating, as they might do in some degree, evidence of fraud or mistake or illegality of consideration, but should alone never be deemed sufficient as a foundation for the introduction of witnesses to testify merely that an absolute conveyance, executed fairly, legally and understandingly, was intended between the parties as a mortgage.
We are therefore of the opinion that, there is no sufficient ground in this case, for converting the absolute conveyance into a mortgage. Indeed, we should be rather inclined to the conclusion that, if the parties intended any thing not manifested by the deed, their object was to secure the property to the use of McCormack’s family, against the claims of his creditors. And it can be scarcely necessary to suggest that, if such were the object, a court of equity could not relieve McCormack, or his heir, from the legal effect of the deed.
Wherefore, we feel constrained to reverse the decree, and remand the case, with instructions to dismiss the bill.