CASE 24—PETITION EQUITY—APRIL 26.

# Harper vs. Harper.

APPEAL FROM WOODFORD CIRCUIT COURT.

PAROL AGREEMENT TO RECONVEY LAND NOT ENFORCED.—At the time an absolute conveyance of land was made, in discharge of existing indebtedness, the vendee verbally agreed to reconvey the land to the vendor, if he would repay the consideration with interest, in a reasonable time; but the vendee refused to have this verbal agreement embodied in the *written memorial of the contract.* In a *suit* by the vendor to have the land sold, and claiming the excess of what the land might sell for, above the consideration and interest thereon, the evidence failed to show satisfactorily that, at the time the conveyance was made, the consideration paid was not the fair value of the land; and it was not alleged or proved that the parol agreement was omitted in reducing the contract to writing, by mistake, and the *averments of fraud were restricted to the parol* agreement and its violation. *Held*—That no trust was created by the conveyance, and that the parol conditional agreement was within the express prohibition of section 1, chapter 22, Revised Statutes. *Plaintiff's petition dismissed.*

PORTER & GREATHOUSE and
T. N. & D. W. LINDSEY,　　　　　　For Appellant,
　　　　　　　　CITED—
　　1 *Phillips on Evidence*, 559.
　　7 *Ves.*, 211; *McCollam vs. Heam.*

M. TURNER,　　　　　　　　For Appellee,
　　　　　　　　CITED—
　　3 *Dana*, 173; *Perkins vs. Drye.*
　　5 *Littell*, 84; *Skinner vs. Miller.*
　　7 *Mon.*, 635; *Davis vs. Phelps.*

Harper vs. Harper.

3 *J. J. Mar.*, 353 ; *Edrington vs. Harper.*

2 *Phillips on Evidence*, 603.

6 *Halst.*, 174–7 ; *Perrine vs. Churman.*

19 *Johnson*, 53 ; *Petsy vs. Christy.*

2 *B. Mon.*, 71–2–3 ; *Cook vs Colyer's adm'r.*

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

Wm. F. Harper being indebted in various sums to John Harper, amounting to near forty thousand dollars, on the 24th day of January, 1862, made to him an absolute conveyance of about one hundred and twenty-two acres of land in Woodford county, for the consideration of nine thousand eight hundred and twenty-six dollars, in discharge of so much of said indebtedness.

On the 12th day of September, 1865, W. F. Harper brought this suit in equity against John Harper, alleging " that said conveyance was made under the following circumstances, and was based on the following agreement : The plaintiff was indebted to the defendant in a large sum of money, evidenced by divers notes; and to secure the sum of nine thousand eight hundred and twenty-six dollars, he agreed to execute a mortgage upon said tract of land, redeemable twelve months thereafter; but upon the plaintiff and defendant meeting together, in order to execute said mortgage, it was proposed by said defendant, that if the plaintiff would execute to him, the said defendant, a deed of conveyance absolute upon its face, instead of a mortgage, that the said defendant would give the plaintiff twelve months in which to redeem said tract of land; and if the plaintiff failed to redeem it, that said defendant would pay the plaintiff the highest price that any other person would pay for said land; and that said defendant would allow the plaintiff to take his own time to pay the balance of his

indebtedness to the defendant," which was large; "that he owned a large amount of property; that he was unwilling to sell said tract of land, and did not doubt that he could redeem it within one year; and relying upon the promises of the defendant to give him as much time as he needed to pay the balance of his indebtedness to said defendent, he accepted the proposition made by said defendant as aforesaid, and executed a deed of conveyance, absolute upon its face, instead of a mortgage." The plaintiff further alleged that said nine thousand eight hundred and twenty-six dollars was not an actual consideration for the purchase of the land, but only the sum which the land was intended to secure. That shortly before said transaction, he was offered one hundred dollars per acre for the land, and was offered the same price shortly afterwards, but that the land was worth one hundred and twenty dollars per acre, and he could have sold it for that price within twelve months after the date of the conveyance; that the deed was intended as a mortgage, and the title thereby acquired was held by the defendant in trust, subject to a right of redemption in the plaintiff; but that the defendant, in disregard of his agreement, had sued the plaintiff for the balance of his debts, and caused his property to be sacrificed under executions, and refused to allow the plaintiff to redeem the land; and that the defendant, in obtaining said conveyance, intended so to violate his agreement and defraud the plaintiff; that, at the time the conveyance was made, the plaintiff and defendant agreed, as part of said transaction, that they would meet the ensuing night and have said agreement, providing for the redemption of the land, reduced to writing; and that they did accordingly meet for that purpose, but the defendant postponed it, saying he would do so at another time; and that at the time the defendant fraudulently intended not to reduce said agree-

ment to writing. Upon the facts so alleged, the plaintiff ,prayed a sale of the land, and for any balance of its proceeds remaining after paying the said nine thousand eight hundred and twenty-six dollars, and interest.

The defendant filed an answer, denying the alleged agreement and all the material allegations of the petition, but admitting that he said to the plaintiff, when the conveyance was made, that if he would pay defendant the purchase price within one year, he might have the land back; and that if the money had been so paid back, he would have reconveyed the land.

Before the final trial of the case, the plaintiff amended his petition, alleging that his original averment, that his right to redeem the land was restricted in time to twelve months, was, by mistake, incorrect, and that by the agreement he was allowed to redeem the land in any reasonable time. This amended petition was controverted by the defendant.

The court adjudged to the plaintiff the relief sought by him, and the defendant now seeks a reversal of the judgment.

The evidence fails to show satisfactorily that, at the time the conveyance was made, the consideration expressed of nine thousand eight hundred and twenty-six dollars was not the fair value of the land; and it is not alleged or proved that said parol agreement was omitted in reducing the contract to writing by mistake; and the averments of fraud are restricted to the alleged parol agreement and its violation.

As, notwithstanding the inconsistent statements of the original and amended petitions, the evidence conduces to the conclusion, that the appellant did promise, that if the appellee would pay him said sum of nine thousand eight hundred and twenty-six dollars, and legal interest thereon, within a reasonable time, he would reconvey the

land, the question is presented, whether the relief sought by the plaintiff was not prohibited by the statute of frauds, which was relied on by the defendant.

This case is not analogous with those of *Langham vs. Payne* (14 *B. Mon.*, 624); *Martin vs. Martin* (16 *B. Mon.*, 8); *Miller's heirs vs. Antle* (2 *Bush*, 407), and the recent case of *Green vs. Ball*, in which it appeared that the title was acquired under circumstances devolving a trust upon the holder, which was exempt from the operation of the statute; but it is more nearly similar to the case of *Thomas vs. McCormack* (9 *Dana*, 109), in which this court held, that "there being no written memorial of any condition or defeasance, neither the public interest nor the established principles of equitable jurisprudence will allow a court of either equity or law to admit parol testimony in opposition to the legal import of the deed and the position denied in the answer, unless a foundation for such evidence has been first laid by an allegation and some proof of fraud, or mistake in the execution of the conveyance, or some vice in the consideration."

The conclusion is not authorized by the facts that the execution of the deed in its absolute form, instead of that of a mortgage, was procured or superinduced by fraud; but the fair deduction is, that although the appellant promised or agreed to reconvey the land on certain conditions, he expressly refused to have the agreement embodied in the written memorial of the contract. The contract, therefore, sought to be enforced by the appellee was, in our opinion, simply a parol conditional agreement to reconvey the land, and was within the express prohibition of the first section of chapter 22 of the Revised Statutes.

The judgment is, therefore, deemed erroneous.

Wherefore, said judgment is reversed, and the cause remanded, with directions to dismiss the petition.