S. B. WINSTEAD AND JOHN C. PASS et als, ex-parte.

*Partition—Life-estate—Power.*

1. Where a sale for partition is made among tenants-in-common, one of whom is entitled to a life-estate only, the tenant for life must have the interest on the value of the share to which he is entitled paid to him for his life, and he is not entitled to have the value of his life-estate ascertained, and a sum in gross paid to him therefor.

2. By section 1909 of *The Code*, in a sale for partition of land subject to dower, where the widow is a party, her life-estate may be valued in money, and the money paid to her in lieu of the interest for life on one-third of the proceeds of sale.

SPECIAL PROCEEDING, begun before the clerk, and heard on appeal before *McKoy, Judge,* at Spring Term, 1884, of PERSON Superior Court.

His Honor rendered judgment for John C. Pass, and the other parties appealed.

The facts fully appear in the opinion.

*Messrs. Graham & Ruffin,* for Pass.
*Mr. J. W. Hinsdale,* for the other petitioners.

SMITH, C. J. This is a special proceeding instituted in the Superior Court of Person county, before the clerk, for partition of the lands described in the petition of the co-tenants, and for the assignment of the shares to each in severalty. To this end the lands were sold under an order of the court by a commissioner, his report of the sale made and confirmed, and the fund, except a share, one-sixth part, directed to be distributed among the tenants, holding the other shares according to their respective interest, as set out in the petition. This share belonged to the wife of the petitioner, John C. Pass, who having become, by the birth of issue, tenant by the courtesy, was entitled to a life-estate, while the estate in remainder descended to the owners of the

other shares, as her heirs-at-law. This share was paid into the office of the clerk, when the said Pass moved the court to have the present value of his life-estate, now assuming the character of an annuity, ascertained and the same paid him, in place of the interest for life on the principal money. The motion was opposed by the other tenants, who insisted that the fund remain intact, and be so secured that he may have the annual interest, and they the undiminished principal at his death. The matter was, by consent, transferred to the docket of the Superior Court to be tried before the Judge. He declared that from the statement of counsel and the evidence offered as to the number of persons interested and the sum to be apportioned, it appeared that the interest of all the parties would be best subserved by allowing this to be done, and ruled that the said Pass be per-. mitted to have the value of his life-estate ascertained, withdrawn from the money, and paid over to him in lieu thereof. The value of this annuity, as agreed upon, is $379, estimated at May 15, 1884, and with interest. From this judgment the remainder-men appealed, and present for solution the question of the power of the court to thus apportion the share between them and the owner of the life-estate.

The relation of the owners for life and in remainder, after the conversion of the land into money remained unchanged; the right to the use and profit before, and to the interest after the sale, being in the one and the right to the corpus, or substituted principal which it represented, undiminished, in the others. These are legal rights which cannot be disturbed when adhering to the land, and by what authority can they be by a conversion of the land into money? The life tenant can only claim the use, which the annual interest measures; the remainder-men are entitled to the corpus or principal, unimpaired, after the life-estate terminates. We cannot see upon what ground a power to interfere with these distinct and separate estates, in the manner here attempted, can be asserted and exercised *after*, which could not be *before*, the conversion. It is manifest the land could not

itself be divided in the ratio of the value of the two estates, so that a present right to the respective portions would rest in each, and why shall the substituted money fund be allowed to be thus divided?

Except by consent, the annuity, as interest, belongs to one, the corpus, or principal, in its entirety, belongs to the other, and so must the fund be disposed of as to secure the interest of both.

In a sale for partition of lands subject to dower, when the widow becomes a party, her life-estate may be valued in money, and the money paid over to her in place of the interest for life on one-third of the proceeds of sale; but this is by virtue of a statute—*Code*, sec. 1909—the very existence of which presumes the absence of authority to do so without it; for if the judicial power already existed, the enabling act would be wholly unnecessary. There is no such statute in reference to estates held for life by tenants in common, and as to them the power has not been conferred.

The authorities to which we have been referred, tend in the direction of denying to the court the possession of the disputed power, while no ruling to the contrary has been found.

In *Hubert* v. *Wren*, 7 Cranch, 370, Chief Justice Marshall, in reference to such apportionment without the concurrence of the remaindermen, says: "*They have a right to insist* that instead of a sum in gross, one-third of the purchase money *shall be set apart*, and the interest thereof paid annually to the tenant in dower during life."

The same rule is announced in *Freeman on Co-tenancy*, sec. 476, in these words: "Courts have no authority unless it is expressly conferred by statute, to compel a widow to accept a certain sum of money in lieu of her dower. She cannot be divested of her dower, except by her own act." Nor, but for an enabling statute, we may add, can she elect to have paid her a sum in gross without the assent of those entitled in remainder.

45

The following are cases of like import, furnished in the argument of appellant's counsel, and we have found none to the contrary. *Wilson* v. *Davidson*, 2 Rob. Va., 384; *Blair* v. *Thompson*, 14 Grat. Va., 441; *King* v. *King*, 15 Ill., 187; *Francisco* v. *Hendricks*, 28 Ill., 64; *Fry* v. *Ins. Co.*, 15 Ala., 810.

There is error in the ruling, and this will be certified that further proceedings be had in accordance with this opinion.

Error.                                                                    Reversed.