Case 21—PETITION EQUITY—April 12.

# Crutcher v. Muir, Ex'r, &c.

APPEAL FROM JESSAMINE CIRCUIT COURT.

1. A PAROL AGREEMENT BY THE GRANTEE IN A DEED TO RECONVEY THE LAND TO THE GRANTOR upon the payment by the grantor of certain debts due the grantee is a contract for the sale of real estate within section 1 of chapter 22, General Statutes, and, therefore, can not be enforced.

2. PAROL TESTIMONY TO SHOW THAT DEED WAS INTENDED AS MORTGAGE.—In the absence of an allegation of fraud or mistake, parol testimony is not competent to show that a deed absolute on its face was intended merely as a mortgage.

B. A. CRUTCHER AND R. F. PEAK FOR APPELLANT.

E. B. Muir held the property in controversy in trust for appellant. Trusts may be established by oral testimony. (Caldwell v. Caldwell, 7 Bush, 516; Crutcher v. Hord, 4 Bush, 363; Williams v. Williams, 8 Bush, 245; Brothers v. Porter, 7 B. M., 109; Faris v. Dunn, 7 Bush, 276; Snelling v. Utterback, 1 Bibb, 609; Letcher v. Letcher, 4 J. J. M., 593; Carey v. Callan, 6 B. M., 45; Boyd v. McClure, 1 Johns' Ch'y, 583; Griffin v. Coffey, 9 B. M., 542; Carpenter v. Carpenter, 8 Bush, 283.)

SAME COUNSEL IN PETITION FOR REHEARING.

Plaintiff should be given an opportunity to amend his petition. The lower court, by overruling defendant's demurrer to this petition, misled plaintiff to his prejudice. As this court virtually sustains the demurrer, it should send the case back that plaintiff may amend.

BRONAUGH & BRONAUGH FOR APPELLEE.

Without an allegation of fraud or mistake a written contract can not be varied by parol testimony. (Greenleaf on Evidence, section 275; Fowler v. Lewis, 3 A. K. Mar., 443; Thomas v. McCormick, 9 Dana, 109; Gelpcke v. Blake, 15 Iowa, 387 (83 Am. Dec., 418); Harper v. Harper, 5 Bush, 176; Benfield v. McMurtry, 6 K. Law Rep., 445; Smith v. Price, 39 Ill., 28; s. c., 89 Am. Dec., 284.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1877 appellant made an assignment for benefit of creditors to Young, who, in February, 1878, con-

veyed the lot of land in controversy to Samuel Muir in consideration of two thousand dollars, appellant and wife uniting in the deed, which contained a clause of special warranty only. Title of the lot was, previous to the assignment, in one Smith, to whom appellant had conveyed, reserving, in writing, right to redeem upon payment of a debt he owed, and part of the purchase-money received of Muir was, according to a previous agreement for conveyance of the lot by Smith to Young, used to discharge that debt, the residue being applied to pay other creditors of appellant. This action was brought by appellant in December, 1886, against the executor and devisees of Samuel Muir to enforce an alleged verbal contract for redemption of the lot, and for reconveyance upon payment of the two thousand dollars, and balance of another debt of five hundred dollars, which had been partly paid by Young as assignee. It is not alleged the whole amount of the two debts had, when the action was commenced, been paid, but appellant stated in his petition an offer to pay what was still due.

It is, in our opinion, sufficiently proved there was, before conveyance of the lot to Muir, a verbal agreement made between him and appellant, whereby he was to reconvey whenever the two debts were paid off by rents of the property or otherwise. Several witnesses, including Young, testify, substantially or directly, it was made; and besides, the property, instead of being exposed to public sale by the assignees, was, with knowledge and consent of appellant, sold at less than what the witnesses testify was at the time its actual value. It is, however, proper to say Muir,

after receiving title and possession, paid to the wife of a former owner of the lot several hundred dollars for relinquishment of her dower; but that fact, though it may have been considered at time of sale, is not sufficient to countervail the evidence mentioned.

The agreement thus alleged and proved would, if in writing, unquestionably have the effect to change operation of the deed in question, though absolute in terms, into a mortgage; and if now treated otherwise, it is because it comes within section 1, chapter 22, General Statutes, which provides that no action shall be brought to charge any person upon any contract for sale of real estate unless the contract or agreement, or some memorandum or note thereof, be in writing, and signed by the party to be charged therewith. There is a marked distinction between a legal title to real estate acquired under circumstances that make a trust upon the holder in favor of a person other than the immediate grantor, and that conveyed by an absolute deed from the vendor to purchaser.

An action for equitable relief may be brought and maintained in the first mentioned case without either charging a person "upon a contract for sale of real estate," or contradicting or varying the terms of a deed under which the legal title is held, though the result may be to change a conveyance, absolute on its face, into a mortgage or deed of trust, or divest the holder of title altogether. Consequently an agreement upon which claim for relief is in such case founded may, though not in writing, exist, and be enforced without violation of the statute referred to, and be established by parol, notwithstanding the general rule of evidence mentioned.

The case of Williams v. Williams, 8 Bush, 241, was where the legal title to land was acquired by the holder by purchasing at execution sales, under a verbal agreement between him and the owner of the land that it should be held as security for money advanced, and that the latter should have the right to redeem.    There it was held the agreement, though not in writing, could be proved by parol, and enforced so far as to require the holder of the legal title, upon payment of the money for which it was held as security, to reconvey the land to the original owner.

The doctrine then recognized and applied was in accordance with the previous cases of Martin v. Martin, 16 B. M., 8, and others cited, where equitable relief was upon similar grounds sought and granted.    On the other hand, in the case of Thomas v. McCormack, 9 Dana, 108, referred to with approval in Williams v. Williams, the only question was, whether a conveyance by McCormack to Thomas of a lot of land, absolute on its face, should, on the facts there presented, be deemed, nevertheless, a mortgage, and this language was used: "There being no written memorial of any condition or defeasance, neither the public interest nor the established principles of equitable jurisprudence will allow a court of either equity or law to admit parol testimony, in opposition to the legal import of the deed and the positive denial in the answer, unless a foundation for such evidence had been first laid by an allegation and some proof of fraud or mistake in the execution of the conveyance, or of some vice in the consideration."

The case of Harper v. Harper, 5 Bush, 176, was

where the vendor, debtor, sought to enforce an alleged parol agreement, whereby the vendee, creditor, agreed to reconvey the land upon payment of the consideration of the conveyance, which was absolute in its terms.   But it was expressly held no trust was created, and the parol conditional agreement was within the express prohibition of the statute referred to, and the case of Thomas v. McCormack was cited and followed.

Appellant in this case, though not holding at the time the legal title, which was in Young, assignee, did have the beneficial interest in the lot, and, becoming a party to the deed to Muir, occupies substantially the attitude of vendor, and consequently can not be now permitted to set up a parol agreement made at the same time, that contradicts and essentially varies the terms of the deed that, without condition or reservation, passed the absolute title. And as the agreement is denied by appellees, and no fraud or mistake in the execution of the deed is alleged or proved, the relief sought must be denied.

Judgment affirmed.