## Consolidation Coal Company v. Grayson, et al.

(Decided December 19, 1919.)

### Appeal from Johnson Circuit Court.

1. Dower—Rights and Remedies of Widow—Assignment—Title.—As a right of dower, until it is legally assigned, is a right vesting in action only, the general rule is that it cannot be aliened so as to enable the grantee to bring an action therefor in his own name. A widow may release her claim of dower to the terre-tenant so as to bar herself, but she can invest no other person with a legal title thereto until it has been assigned.

2. Dower—Application to Mortgage.—The above doctrine applies as well to a mortgage upon or lease by the widow of her unassigned dower, as to an ordinary deed of conveyance.

3. Dower—Inchoate Interest—Rights of Widow.—Upon the death of the husband the inchoate right of the wife acquired by the marriage becomes absolute, yet she has no estate in the lands of her deceased husband until her dower has been assigned; and her rights therein can only be released to the owner of the fee or someone in privity with the title.

4. Dower—Rights of Widow—Assignment.—The only right of pos-session given the widow by the laws of this state in the lands of the deceased husband prior to the assignment of dower, is conferred by section 2138, Kentucky Statutes, which declares that she "shall hold the mansion house, yard, garden, the stable and lot in which it stands, and an orchard, if there is one adjoining any of the premises aforesaid, without charge therefor, until dower is assigned her." She is, therefore, only a tenant at will of the heirs until dower is assigned her, which can be done only upon her application, or that of the heirs or privies of the latter.

5. Dower—When Assignment Not Made—Purchaser from Heirs. —As in this case the widow was never assigned dower in the land left by her deceased husband, appellees, who are strangers to the title, took nothing under the writing by which she at-tempted to lease the land to them. On the other hand as the appellant by purchase and deeds of conveyance from the heirs at law of the deceased husband became the owner of their respec-tive interests in the land subject to the widow's dower, and later, as privies of the latter, by like means also the owner of the widow's dower, the circuit court's failure to adjudge it the owner in fee of the land, was and is reversible error.

E. C. O'REAR, A. W. YOUNG and M. C. KIRK for appellant.

WHEELER & WHEELER and D. J. WHEELER for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

It appears from the record before us on this appeal that one John W. Grayson died in 1909, intestate, the owner and in possession of a fifty acre tract of land lying in Johnson county just without the corporate limits of Van Lear, a mining town owned by the appellant, Consolidation Coal Company, a corporation engaged in the mining and marketing of coal and other minerals. John W. Grayson was survived by his wife, Maggie Grayson, and three children, Kenton Grayson, Emma Phelps, wife of Ben Phelps, and Cora Sester, wife of Thomas Sester. At the death of the decedent the land in question was inherited by the three children named as his heirs at law, subject to the widow's right of dower or homestead therein. Prior to the death of John W. Grayson he sold and by proper deed, in which his wife Maggie united, conveyed the coal and other minerals in and under the land mentioned to John C. C. Mayo, who thereafter by like deed, in which his wife united, conveyed the same coal and minerals to the appellant. Following its acquisition of the coal and mineral rights in the land appellant, by purchase and a joint deed from Emma Phelps, Cora Sester and their husbands, acquired the respective undivided interests of the former, of one-third each, in the surface of the land as heirs at law of John W. Gayson, deceased, subject to the widow's right of dower therein. The deeds referred to were duly acknowledged and recorded.

After procuring these deeds the appellant brought this action in the court below to obtain of it a decree for the sale of the surface of the land; the petition describing the land, alleging its undivided joint ownership by appellant and Kenton Grayson, two-thirds by the former and one-third by the latter, subject to the right of dower or homestead of Maggie Grayson, widow of John W. Grayson, in the whole, neither of which had been assigned her. The petition contained the usual allegations respecting the necessity for sale of the land and as to its indivisibility, and asked that it be sold and after applying a sufficiency of the proceeds to pay the widow in money the ascertained value of her dower, that the remainder be divided between appellant and Kenton Grayson in the ratio of their respective interests. Kenton Grayson and Maggie Grayson were made defendants to the action, as were also the appellees, J. H. Matney and W. S. Boyd, regarding the latter of whom it was alleged that they were claiming to own some sort of interest in the land obtained

by virtue of a lease attempted to be given them thereon by Maggie Grayson, the widow of John W. Grayson, which interest they were called on to disclose.

The answer of Matney and Boyd to the petition without controverting appellant's title to an undivided two-thirds interest in the land, denied its indivisibility, and also the right of appellant to obtain its sale or a division of the proceeds, and alleged that on November 7, 1910, Maggie Grayson, widow of John W. Grayson, executed and delivered to them (Matney and Boyd) a writing whereby, for a consideration therein named, she leased to them for a term of five years from that date, with the privilege to the lessees at the end of the five years of extending the lease twenty years longer, the entire fifty acre tract of land and put them in possession thereof, which possession they have since continuously held. This lease, it was further alleged, entitled appellees to retain possession of the land as against appellant's deeds and claim of title for the full term to which its provisions extend it, although it is admitted by the answer that when the lease was made the lessor had not been assigned dower in the land and has not since had it assigned her. All affirmative matter of the answer, except its averments regarding the execution and contents of the lease from Maggie Grayson to appellees, was controverted by appellant's reply, and all allegations of the answer setting forth the legal effects claimed for the lease were also controverted and the validity of the lease itself attacked by the reply.

It appears from a second amended petition and certain attached exhibits in the form of deeds found in the record that appellant, after the filing of the answer of the appellees, Matney and Boyd, and the reply thereto, became the purchaser of, and was by deed conveyed, the undivided one-third interest of Kenton Grayson in the land in controversy and, also, the dower interest of the widow, Maggie Grayson, therein. Consequently these conveyances, together with the previous one jointly made it by the two daughters of John W. Grayson and their husbands, passed to and vested in appellant the fee to the entire tract of fifty acres. The amended petition disclosing this situation renewed the attack on the lease given on the land by Maggie Grayson to the appellees. Matney and Boyd, alleged it to be invalid because of the want of power in the lessor to make it in the absence of a previous as-

signment to her of dower and asked that it be set aside by the court, and appellees compelled to deliver to appellant the possession of the land.

We do not understand that the averments of the amended petition referred to as to appellant's title and the manner of its derivation are denied by the answer or any other responsive pleading filed by appellees. They rest their defense wholly on the alleged validity of the lease under which they claim the right to retain possession of the land.

On the submission of the case the circuit court upheld the validity of the lease from Maggie Grayson to appellees and declared them entitled to retain the possession and use of the whole of the land thereunder for the full term thereof or during the lessor's life, if her death should occur before the expiration of the lease. From the judgment entered to conform to this ruling and awarding appellees their costs against appellant, the latter has appealed.

Quite a lot of proof was taken in the case, but it will require little consideration as much of it relates to irrelevant matters or issues between appellant and one Spears, another lessee of the land, and between the latter and his lessors, all of which have been settled and Spears dismissed from the action. The real question to be determined on the record as here presented is one of law, viz.: whether a widow can convey or lease her unassigned dower to a stranger to the title. But before taking up the discussion of this question we will say that where the widow, in the absence of a previous assignment to her of dower or homestead, executes a lease on an entire tract and all of the land of which her husband was owner at the time of his death, such lease, in any event, could embrace no more than her dower interest; and a judgment awarding, as in this case, her lessees the possession and use of the entire tract of land for the term of the lease is, therefore, void. So for this reason, if no other were apparent from the record, the judgment of the circuit court would have to be reversed.

But recurring to the question of primary importance, it should be said that as the right to have dower assigned is a personal right, no estate can pass under a lease made of the dower by the widow to a stranger to the title before it is assigned. To ascertain the law controlling this question we will first look to the text books and next

to some of the decisions of this and other courts of last resort that may be found in point. In Scribner on Dower, 2nd Ed., 42, it is said:

"33. As a right of dower, until it is legally and duly assigned, is a right vesting in action only, the general rule is, that at law, it cannot be aliened so as to enable the grantee to bring an action therefor in his own name. A widow may release her claim of dower to the terretenant so as to bar herself, but she can invest no other person with a legal title thereto until it has been assigned.

"34. This doctrine applies as well to a mortgage by the widow of her unassigned interest as to an ordinary deed of conveyance. And a lease by her falls within the operation of the same rule. Thus, where the widow of an intestate, before the appointment of an administrator, made a lease of his land, and the produce of the land was afterwards attached by creditors of the lessee, it was held that the attaching officer was liable to the heir in an action of trover for its value. The lease said the court was altogether void and the tenant acquired no rights under it. So a covenant in an instrument purporting to be a lease, to pay the widow a sum of money anually as rent, in consideration of her forbearing to exercise her right of dower, is a mere personal covenant, and does not run with the land so as to bind the assignee of the covenantor. Nor can such an contract have the effect of a release, which must operate presently and absolutely. And if it appear on the face of the instrument that the subject of it is a right only to have dower assigned, neither the lessee nor his assignee is estopped to deny the title of the widow to make a valid demise."...

In Warvelle on Vendors, 2 Ed., vol. 1, sec. 32, it is said:

"Upon the death of the husband the inchoate right of the wife acquired by the marriage becomes absolute; yet she has no estate in the lands of her deceased husband until her dower has been admeasured and assigned, and her rights therein can only be released to the owner of the fee or to some one in privity with the title by his covenants of warranty. After assignment the widow acquires an estate of freehold in the land allotted in severalty, and her life estate therein possesses all the attributes of other estates for life, including the right of alienation."

In 14 Cyc., 960, we find this statement of the law:

"Prior to the assignment of her dower the widow has no vested freehold estate under the common law. She is not seized of any part of her deceased husband's land, but her right is for most purposes nothing more than a mere right of action."

The above statement of the law is supported by a citation of the case of Shields v. Batts, 5 J. J. Marshall 12, in the opinion of which it is in part said:

"Before assignment of dower, the widow had no transferable legal interest. She could not have vested any right in a lessee, by contract of lease. Tucker and Wife v. Vance, 2 Marshall, 458. Of course she could not maintain an action of ejectment for her dower before it had been assigned. It results that the right to dower could not, in this case, be transferred by sale under execution. Nor did the assignment by the county court, after the sale, help the invalidity of the sale. The assignment could not by retroaction make the sale valid, which when made was invalid. Nor had the county court any right to assign dower on the application of the persons claiming under the sale. Dower can be assigned only on the application of the widow or heirs, or some other person who holds a legal interest in the land."

To the same effect are the following additional authorities: Blaine v. Harrison, 11th Ill. 384; Carey v. Buntain, 4 Bibb 217; Munsey v. Haney, 13 L. R. A. 209.

It is patent from the foregoing authorities that the widow's dower before assignment can only be assigned, conveyed or released by way of extinguishment to the owner of the fee or to a party in possession in privity of the estate from which it accrues. It follows therefore, that the appellees took no estate in the land here involved under the lease executed to them by Maggie Grayson.

On the other hand, as appellant is now the owner of the title of the heirs at law of the decedent and remaindermen in the land and also of the dower interest of the widow which by virtue of its being a privy of the estate it could legally acquire though the dower had not been assigned, the judgment of the circuit court should therefore have awarded it the land.

We find nothing in our statutes relating to the rights of married women that contravenes the doctrine announced by the foregoing authorities. The only case found in this jurisdiction that seems to hold a contrary

view is that of Phillips v. Williams, 130 Ky. 733, in which it was held that the grantee in a deed from the widow conveying a house and lot owned by her husband at the time of his death, took the unassigned dower interest of the widow. It is evident, however, that the court's attention was not called to the question that is here involved. At any rate the opinion is contrary to the decisions of this court in Shields v. Batt and Carey v. Buntain, *supra,* as well as the great weight of authority elsewhere on the subject, for which reason it should be and is overruled.

The only right of possession given the widow in lands of her deceased husband prior to the assignment of homestead or dower, is that conferred by section 2138, Ky. Stats., which declares that she ''Shall hold the mansion house, yard, garden, the stable and lot in which it stands, and an orchard, if there is one adjoining any of the premises aforesaid without charge therefor, until dower is assigned her;'' and as said in Jordon v. Sheridan, 149 Ky. 783, such possession on her part is as tenant at will of the heirs until dower is assigned her.

For the reasons indicated the judgment is reversed and cause remanded for the entering of such a judgment as will conform to the opinion. The whole court sitting.