### Meredith, et al. v. Meredith.

(Decided December 9, 1921.)

## Appeal from Allen Circuit Court.

1. Frauds, Statute of—Agreement Not Within Statute.—Terms of an agreement required by the statute against frauds and perjuries to be in writing and which have been omitted from a written instrument by mutual mistake when incorporated therein by reformation of same are not within the statute.

2. Mines and Minerals—Life Tenant and Remaindermen May Lease.—The life tenant and remaindermen may jointly open the land for minerals or execute a valid lease for that purpose, and agree how the retained royalties shall be divided; and if they fail to agree how same shall be divided, it will be divided according to their interests in the land, to the life tenant the income for life on the whole of the royalties and to the remaindermen the preserved corpus of the royalties after the death of the life tenant.

GILLIAM & GILLIAM for appellants.

OLIVER & DIXON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellee, J. E. Meredith, filed this action in equity against his brother, W. R. Meredith, and the In-

dian Refining Company, seeking to recover of the latter the whole of the royalties due under an oil and gas lease which J. E. Meredith, W. R. Meredith and their mother, Angeline Meredith, in December, 1917, jointly executed upon 167¼ acres of land in Allen county and seeking as against W. R. Meredith a judgment that plaintiff was the sole owner of the eastern half of the 167¼ acre tract of land upon which alone the producing oil wells, eleven in number, were located and entitled to all of the royalties. As the basis for this relief he states in his petition that he and the defendant, W. R. Meredith, were the only heirs at law of their father, W. E. Meredith, who died intestate many years theretofore, the owner of the 167¼ acre tract of land; that in September, 1914, they divided this land and executed deeds to each other conveying to plaintiff the fee simple title to the land lying east of a described division line and to defendant a similar title to the land lying west of that line; and "that each of the deeds were made with due respect and regard to the life estate of the mother, Angeline Meredith, and with the understanding that she had the right to occupy all of said land and use same for her benefit as the widow of W. E. Meredith, deceased, so long as she lived, and this division was made with her consent and knowledge and agreement in order that each of said heirs might do whatever improvement they desired upon their respective tracts of land without having to wait until her life estate was spent before knowing where their interests would be."

A copy of the deed to plaintiff, executed by defendant, W. E. Meredith, and his wife and to which Mrs Angeline Meredith is not a party, is filed and made a part of the petition. It purports to convey to plaintiff in consideration of $500.00 in hand paid the fee simple title to that portion of the 167¼ acre tract of land lying east of the agreed division line and contains no mention of the fact which the petition admits that the true consideration therefor was an agreed division among all parties interested in the land, that defined the interest of the mother to be a life estate in the whole tract and simply divided the remainder between the two sons for their convenience in making desired improvements during their mother's life.

The refining company filed answer admitting its liability under the lease to Angeline Meredith, J. E. Meredith and W. R. Meredith jointly for the value of 1/8 of the oil produced on the whole tract, which it offered to

pay into court or to the lessors if they would agree how it should be paid or as the court might adjudge.

W. R. Meredith filed an answer and counterclaim in which he admits the facts but denies the legal conclusions of the petition and in addition sets out in full the entire agreement entered into by plaintiff and defendant and their mother by which the land was divided and their prior respective interests therein as the surviving heirs and widow of W. E. Meredith; that this agreement was the true and only consideration for the deeds which plaintiff and defendant executed and delivered to each other, and "that by mutual mistake and oversight on the part of plaintiff and defendant and their mother, the said Angeline Meredith, the entire agreement was not in writing and expressed in said deed." The agreement as set out is in substance and effect that the mother was to have a life estate in the whole tract with the right during her lifetime to all ordinary rents and profits accruing therefrom, but that in the event of oil or gas production the royalties were to be divided equally among the three from whatever part of the land the oil or gas should be produced; that the division line between the lands plaintiff and defendant were eventually to receive was established simply that they might know where their respective shares in the whole tract would be so that they might improve same as they desired during their mother's life; that the deeds were intended and understood by all parties as a division merely of plaintiff's and defendant's remainder interest in the land subject to their mother's agreed life estate in the whole tract and not as giving them any present interest therein; that their occupancy during the mother's lifetime was subject to her consent and control; that the oil and gas lease in question was executed some years after the agreed division and the execution of the deeds, by them and their mother jointly upon the whole tract without reference to the division and in express recognition of their joint right to any profits or royalties that might accrue from oil or gas development on any part of the entire tract.

Mrs. Angeline Meredith filed an intervening petition to be made a party, the material allegations of which are substantially the same as those contained in defendant's answer and counterclaim as set out above. Both pray that plaintiff's petition be dismissed; that they each be adjudged entitled to one-third of the royalties due from the Indian Refining Company and that may hereafter

accrue from the lease on the whole tract and generally for all proper and equitable relief to which they may be entitled.

The plaintiff entered a general demurrer to the answer of defendant, W. R. Meredith, and a motion to dismiss the intervening petition of Angeline Meredith, both of which the court sustained, and upon their refusal to plead further the plaintiff was adjudged to be the absolute owner of that portion of the 167¼ acres lying east of the division line and to all of the royalties due or to become due under the lease; and W. R. Meredith and Angeline Meredith were adjudged "to have no interest whatever in any part of the royalties from said oil productions from said tract of land, either now or hereafter," and they have appealed.

In justification of the chancellor's judgment counsel for plaintiff only cite and rely upon cases from this court and others which hold that the only right of possession the widow has in lands of her deceased husband prior to the assignment of homestead or dower is that conferred by sec. 2138, Kentucky Statutes, and that such possession on her part is as tenant at will of the heirs until dower is assigned her; that she has no vested freehold estate; is not seized of any part of her deceased husband's land and that her right is for most purposes nothing more than a mere right of action which is not transferable and that, therefore, she could not have vested any right in the lessees by the contract of lease. Some of such cases from this court are Jordan v. Sheridan, 149 Ky. 783, 149 S. W. 1028; Shields v. Batt, 5th J. J. Marshall 12; Carey v. Bustain, 4 Bibb 217; Consolidated Coal Co. v. Grayson, 186 Ky. 314, 216 S. W. 848; and to the same effect are Blaine v. Harrison, 11 Ill. 384; Munsey v. Hanley, 102 Maine 423; 13 L. R. A. (N. S.) 209; Warvelle on Vendors, 2 Ed., vol 1, section 32; 14 Cyc. 960.

It is at once apparent, however, that these authorities, which deal merely with the widow's rights before they are legally adjusted, have no application whatever to the facts of this case, since while neither dower nor homestead had been allotted to Mrs. Meredith by any court procedure, her rights in and to the land had been just as definitely settled by agreement of all parties who had any interest therein and all of whom were *sui juris*. It was not held in any of these cases, and we feel sure it has not been held elsewhere, that such parties could not by mutual

agreement and without resort to the courts limit and define their respective individual interests in the land. They certainly had such legal rights and interests therein as would support any agreed division they might make in any manner not prohibited by law. It is, therefore, clear from the pleadings of all parties herein that whatever her previous legal rights in the land left by her deceased husband may have been, that Mrs. Angeline Meredith, since the agreed division and by reason thereof, unless as made the agreement is prohibited by law, has been the owner of a life estate in the entire tract, with the full right to control same as she pleases and to appropriate all of the ordinary rents and profits that may accrue therefrom during her lifetime. And if the allegations of the answer and intervening petition are true, as they must be considered, it was also a part of the agreed division that if oil and gas should be produced from any of the land during her lifetime the profits arising therefrom were to be equally divided among the three parties to that agreement and that the whole of this agreement by mutual mistake and oversight of all parties was omitted from the deeds which plaintiff and defendant executed and delivered to each other in pursuance of that agreement. This being true it is manifest that the chancellor erred in sustaining a demurrer to defendant's answer and counterclaim and dismissing the intervening petition of Mrs. Meredith and awarding to plaintiff the whole of the oil royalties due and to become due upon the portion of the land that he would eventually own unless the alleged agreement is contrary to law.

The only conceivable ground for holding the agreement contrary to law is that it is within the statute of frauds; but even if this be conceded, which we do not decide, this ground of attack is overcome by the pleadings of both the defendant and the intervenor by the allegation that it was omitted from the deeds by mutual mistake of all parties, since it is well settled that terms of an agreement required to be in writing and which had been omitted by mutual mistake from a written instrument when inserted therein by a reformation of same are not within the statute. Noel v. Gill, 84 Ky. 241, 1 S. W. 428; Crutcher v. Muir, Exr., etc., 90 Ky. 142, 13 S. W. 435; Harper v. Harper, 5 Bush 176; Brewer v. Peed, 7 J. J. Mar. 230.

The chancellor as the reason for his judgment states: "That no primary right existed in favor of the life tenant

to oil produced from the land and the alleged agreement that they were to share equally in royalties, etc., in the absence of an assignment of the interest, is not enforcible.''

But, as we have already seen, the chancellor was in error in assuming that there had been no valid assignment of a life estate in the land to Mrs. Meredith if, as we must assume, the allegations of her petition and the answer of the defendant are true.

Assuming, therefore, that a life estate in the whole tract had been legally set apart or assigned to Mrs. Meredith it is not only true that she had no primary right to lease the land for oil and gas production but it is also true that her sons, the remaindermen, were likewise without such right, as is universally held; and surely no court has ever held that the life tenant and remaindermen may not jointly open up the land for minerals or execute a valid lease to another for that purpose and agree among themselves as to how the profits may be apportioned.

While this court has not been called upon to decide this precise question it has been decided that they may jointly open the lands for oil or other minerals in the following cases from other courts: Lenfers v. Hinke, 73 Ill. 405; Wilson v. Youst, 43 W. Va. 826; Blakely v. Marshall, 174 Pa. St. 425; Eakin v. Hawkins, 52 W. Va. 124; Deffenbaugh v. Hess, 225 Pa. 638; Swague v. Lone Acre Oil Co., 69 L. R. A. 991; Ex parte Winstead, 92 N. C. 703; McQueen v. Turner, 91 Ala. 272; Stewart v. Tennat, 52 W. Va. 576; Kelly v. Dugan, 111 Ala. 152. In the recent case of Crain, Guardian v. West, Admr., 191 Ky. 1, in referring to these cases we said:

''In those cases it was held that inasmuch as the life tenant had no right to open the new mines nor to the products of the mines when opened and the remaindermen had no right to the use of the land during the life tenancy the life tenant was entitled to the interest on, or income, or use of the royalties during life, but the corpus of the royalties, like the land from which it came, was the property of the remaindermen, and should be preserved for them.''

In none of these cases, however, was there any agreement between the parties as to how they should divide among themselves the royalties retained in the lease and they were therefore divided by the court according to their primary interests in the land, to the life tenant the income for life on the whole of the royalties and to the

remaindermen the preserved corpus of the royalties after the death of the life tenant. Such distribution, in the absence of an agreement between the parties, is in accord with reason and meets with our approval.

Hence, even if there had been no agreement between the parties to this suit as to how the royalties retained in the lease which they executed jointly should be divided, the life tenant, Mrs. Meredith, would have been entitled to the income from the royalties during life, since even according to the petition she had a life estate in the whole tract and the plaintiff at her death would have been entitled to the corpus of the royalties accumulated during her lifetime and to all of same thereafter, since all of the oil was produced from the land allotted to him in the division. Therefore in no event was the chancellor justified in dismissing the intervening petition of Mrs. Meredith and adjudging the plaintiff a present right to all the royalties.

But if the agreement set out in both the answer and the intervening petition was made and by mutual mistake of all of the parties omitted from the deeds, which were the only written evidences of that contract, then the royalties during the lifetime of Mrs. Meredith belong in equal parts to Mrs. Meredith and her sons, because all of the parties had an interest in the land and by the lease each surrendered a part of his rights therein to the consummation of the joint endeavor for their mutual profit and which neither by himself could have accomplished. This was certainly a sufficient consideration to support the contract for an equal division of the profits, and all of the parties being *sui juris* and the agreement not being contrary to public policy or law, according to the pleadings is valid and enforcible.

Wherefore, the judgment is reversed and the cause remanded for proceedings consistent herewith.