## Gillig v. Stofer et al.

June 23, 1939.

King Swope, Judge.

Keenon & Kessinger for appellant.

Owen S. Lee for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—
Affirming.

In 1918 Jeff T. Dunn subdivided his farm located near Lexington, Kentucky, in suburban tracts of approximately five acres each. Dunn had this property sold at auction and C. L. Stofer became the purchaser of several tracts. A real estate agent, E. H. Byars, assisted in the auction of these lots and had one, Lee

Anderson, rejected for some reason not shown in the record, as the purchaser of lot No. 14 containing 4.98 acres. After the auction Byars negotiated a sale of this particular lot from Dunn to Hugh P. Davis and his step-mother, Maggie Davis.

This lot No. 14 separated some lots bought by Stofer at the auction. Shortly after Byars had negotiated a sale of this lot to the Davises, Stofer approached Byars concerning the purchase of it. Byars took the matter up with the Davises, and upon being offered a profit they agreed through Byars to sell this lot to Stofer for $1,500, which was paid by a check Byars wrote out payable to Hugh P. and Maggie Davis, showing it was the full purchase price of this lot. This check was signed by Stofer and was endorsed by Hugh P. and Maggie Davis who received the $1,500. In order to save the expense of writing a deed and paying the stamp tax which was on real estate transfers in 1919, the Davises suggested Byars have Dunn and wife make their deed direct to Stofer. Byars followed the suggestion of the Davises and had Dunn and wife execute a deed direct to C. L. Stofer upon delivery of Stofer's check for $1,500 to the Davises. The attorney who drew that deed inserted therein this sentence:

"It is understood and agreed that this property was sold to Hugh P. Davis and Maggie Davis, and the deed is made to the parties of the second part at the request of the said Maggie Davis and Hugh P. Davis, and F. R. Davis, Husband of Maggie Davis."

Since purchasing this lot in 1919 from the Davises and since obtaining the deed executed to him by Dunn and wife at the instance and request of the Davises, Stofer has had the lot under fence, paid the taxes, and has exercised full and complete ownership thereof. On Feb. 1, 1939, Stofer entered into a binding contract with Gillig agreeing to convey him a good and perfect title to this lot not later than Feb. 15, 1939, in consideration of $1,500. Gillig had the title to the property investigated and when his attorney found the above quoted sentence in the deed, he advised Gillig that Stofer's title was defective. Gillig then notified Stofer in writing he would not accept a conveyance from him of this property. Thereupon, Stofer instituted this suit in the Fayette County Circuit Court for a declaration of rights

under Section 639a—1 et seq., Civil Code of Practice, and to compel Gillig to specifically perform his contract. Gillig admits he wants to comply with his contract in the event Stofer can make him a good and perfect title to the property, and this is a friendly suit to obtain the opinion of a court of last resort on a question of law involving this title.

Plaintiff's petition as amended sets out the above facts and pleaded he had a good and perfect title to the property by virtue of the deed executed him by Dunn and wife. The petition further alleged Hugh P. Davis and his step-mother, Maggie Davis and her husband, (Hugh's father) F. R. Davis, are all dead and their heirs-at-law were made party defendants in this action. Plaintiff asserted title not only by virtue of his deed but through more than fifteen years adverse possession, and pleads an estoppel against the heirs-at-law of Hugh P., Maggie and F. R. Davis. The issues were completed by appropriate pleadings and upon the case being submitted to the chancellor, it was adjudged Stofer had a good and perfect title to this lot and that Gillig should specifically comply with his contract of purchase.

The sole question to be determined on this appeal is what effect the above quoted sentence from the deed has upon Stofer's title. It is the contention of Gillig that this sentence in the deed shows Stofer knew there had been a previous sale to the Davises, therefore, he took the title as trustee for the Davises. Gillig further contends that the statute of limitations will not run in favor of a trustee against his cestui que trustent; that if Stofer can maintain his title to this land, he must do so upon the doctrine of estoppel.

As we have reached the conclusion the action of the Davises in suggesting the deed be made direct to Stofer estopped them from claiming any interest in this lot, we will only consider this angle of the case. There can be no doubt about the correctness of appellant's contention that one who takes a conveyance to land with notice that another has previously purchased same does not take the title to himself but takes it as trustee for the former purchaser. Carr v. Melone, 227 Ky. 719, 13 S. W. (2d) 1031; Benjamin v. Dinwiddie, 226 Ky. 106, 10 S. W. (2d) 620; Spiess v. Martin, 192 Ky. 211, 232 S. W. 615. The rule is founded on the principle that equity will not permit a person to snatch the title of land from the

hands of one whom he knows has previously purchased it. But there can be no reason for the application of this rule under the facts before us. The Davises suffered no injury by the action of Stofer in taking a deed to this land, which he knew had been previously sold to them, because the Davises received the full purchase price therefor. It was at their instance the transaction was handled by Dunn and wife executing a deed direct to Stofer rather than conveying it to the Davises, who would have had the expense of recording their deed and the additional expense of making a conveyance to Stofer in turn. In effect this was a deed from the Davises to Stofer, as they received the full purchase price and were present and directed that the deed be executed by Dunn and wife direct to Stofer. It is difficult to imagine a plainer or more complete case of estoppel. In Louisville Joint Stock Land Bank v. McMurry, 278 Ky. 238, 128 S. W. (2d) 596, (decided May 5, 1939,) we said it would be most unconscionable to let a person be the author of an irregular sale and reap the benefits therefrom and later allow him to deny the burden the transaction imposed upon him. We held there the case was one where equitable estoppel clearly applied, and this is even a stronger case of estoppel than that was.

As Hugh P., Maggie and F. R. Davis, would have been estopped from claiming any interest in this lot had they survived, their heirs-at-law are now estopped from asserting any right, title or interest therein.

The judgment is affirmed.