## Maas v. Maas.

October 3, 1947.

Lawrence F. Speckman, Judge

Myers, Logan & Winkenhofer, Joe A. Wallace and Wilbur Fields. for appellant.

Milliken & Handmaker for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

This action was first instituted by filing a petition in which appellant attempted to set aside a deed upon allegations that same was procured from him by false and fraudulent representations alleged to have been made to him by his brother, Stanley Maas. A demurrer was sustained to this petition. Appellant then filed his first substituted petition in equity in which he attempted to set up a cause of action to have the deed in question declared to be a mortgage. General demurrer to this substituted petition was also sustained. Thereafter, appellant filed his second substituted petition in which he attempted to bring an action under the Declaratory Judgment Act. Civil Code of Practice, sec. 639a—1 et seq. Demurrer to this second substituted petition was also sustained, and this appeal has been taken.

The facts as stated in the petitions are substantially as follows: The appellant, sometime prior to February 11, 1941, killed his wife, from whom he was separated, and injured an officer in his flight from the scene of the killing. He was arrested and placed in the Jefferson County jail without bond pending his trial on the charge of murder. He was the owner of a swimming resort in Jefferson County known as Tucker's Lake, the value of which was placed at $75,000. While he was incarcerated in the jail, his brother, Stanley Maas, brought to him a prepared deed conveying this property to the father of appellant, which according to appellant, his brother asked him to sign, stating that it was to serve to protect his father in the payment of attorneys fees and the settlement of the civil claims that might arise out of the killing of his wife and the injury to the officer. He alleges in his petition that he never acknowledged his signature to the paper before a notary public and that by fraud and misrepresentation and coercion his signature was procured to the instrument. He further alleged that there was no consideration and that the instrument was given merely to protect his father if and when he should make arrangements for payment of attorneys fees and other civil claims that might arise. In his first substituted petition he takes the position that the father was required to pay only a small portion of the value of the resort for attorneys fees and settlement of civil claims, and that he was told that the instrument would not be recorded but would be held until he reimbursed

his father, and at the most the instrument could be treated only as a mortgage. The father, John Maas, Sr., died May 30, 1944, and by will left his estate to his widow, Katherine M. Maas, the mother of appellant. This purported deed, although executed in 1941, had not been filed for record during the lifetime of the father, John Maas, Sr., and was not filed of record until December 6, 1945, approximately 18 months after the death of the father. Stanley H. Maas and the Liberty National Bank and Trust Company were named defendants with the appellee, Katherine M. Maas, in the original petition but were dropped as parties in the substituted petitions.

While it appears that the appeal was taken from the order overruling demurrer to the second substituted petition and the dismissal of the action, it is difficult to separate into portions, or fragments, the matters necessary to be covered in this opinion.

Appellant insists that the second substituted petition was drawn strictly in line with the Declaratory Judgment Act; that an actual controversy of title to land existed, and that according to the provisions of the Act, he asked the court to make a declaration of the rights of the parties and grant such consequential relief as he might appear entitled to. He contends that each petition stated a cause of action but that if it should be determined that the petition for a declaration of rights properly states grounds for a declaration of the rights, then appellant will elect to obtain relief by procedure under the Declaratory Judgment Act.

Appellee insists that it is not the class of case as was contemplated by the framers of the Declaratory Judgment Act, nor do the allegations of the petition bring it within the purpose of the Act; that it must fall because it is not an attempt to procure a declaration before alleged rights are violated, and because there is not presented here any question of the construction of deed, nor can it be said that appellant has no adequate remedy since if he has suffered an invasion of his rights, he can maintain other action for redress but cannot supplant or displace existing remedies or use the Declaratory Judgment Act for other regular actions, and finally because no question of construction is involved, and if

appellant has any case appellee says it is purely one of fact.

Appellee makes a 14 paragraph analysis of the second substituted petition, and undertakes to show that the facts as so alleged do not bring the petition within the purposes of the Declaratory Judgment Act. This analysis brings out rather fully the alleged facts. For the purpose of conciseness paragraph 12 and 13 of that analysis are incorporated herein that it might be seen even from appellee's summation of the facts as alleged whether or not the alleged facts meet the test. Paragraphs 12 and 13 of the brief read as follows:

"(12) That appellant is and was at all times mentioned the owner in fee simple of the tract of land described; that appellee claims by reason of said deed to be the owner in fee simple of said tract; that he is entitled to the profits from the operation of said property during the term of his imprisonment; that the appellee claims to be the owner of said profits and that the appellee with her son, Stanley H. Maas, has taken the profits accruing during the term of appellant's imprisonment from said property; that an actual controversy exists between the appellant and appellee over the ownership of said tract and the improvements thereon, and of the profits therefrom, during the term of appellant's imprisonment.

"(13) That appellee is asserting full ownership rights to said property and now has a lease contract for its operation with Stanley H. Maas."

We shall now turn to a consideration of the Declaratory Judgment provisions. Much has been written concerning the history and the development of declaratory judgments or decrees. It appears that the matter of declaratory judgments have progressed until today many, if not quite all, of the states have adopted, with possibly some slight modification, the uniform Declaratory Judgment Act. In its original conception the declaratory judgment was rather limited and was concerned only with a limited number of questions, but in these last few years, under statutes authorizing such procedure, the field of operation is broad and has only few limitations placed thereon. Quoting from 16 Am. Jur., Declaratory Judgments, Section 32, it is stated:

"Deeds are specified in the Uniform Act as among the instruments as to the validity and construction of which declaratory judgments may be obtained. Pursuant to this authorization, it has been held that the owners of land under deeds containing terms, restrictions, reservations, and conditions subsequent are entitled to proceed under the Declaratory Judgment Act for a declaration determining the respective rights of each and all of the parties thereunder, where there is an actual controversy as to these matters; and that where title depends upon the validity of a deed, and this is the matter in controversy, the court will render a declaratory judgment as to the validity of the deed."

See also Annotated cases 68 A. L. R. 128.

In a careful reading of the Act as found in the Code, Section 639a—1, 639a—4, it will be observed that our Act is broad, flexible, and almost unlimited in its scope. It cannot be successfully urged here that the Act cannot be invoked because the rights are involved in other pending litigation. All questions raised herein were raised in this pending litigation.

Section 639a—2 of the Code provides:

"Any person interested under a deed, will or other instrument of writing, or in a contract, written or parol; * * * may apply for and secure a declaration of his right or duties, even though no consequential or other relief be asked."

In appellant's second substituted petition substantially the same facts are alleged as appear in the original and first substituted petitions, wherein it was sought, first, to have the deed cancelled, and, secondly, to have the deed declared to be a mortgage. Referring again to the critical analysis and summation of facts as set out in appellee's brief, paragraph 12 and 13 above, it is clear that appellant alleged that he is the owner in fee of the land described in the petition; that one of the appellees claims by reason of a deed, which he alleges to have been fraudulently procured, to be the owner in fee of the tract; that the plaintiff is entitled to the profits from the operation of the property during the term of his imprisonment, but that the appellee claims to be the owner of the profits. It cannot be well said that no actual controversy exists between them.

The difficulty concerning the applicability of the Declaratory Judgment Act springs from the original rather narrow and rigid conception that ·declaratory judgments were merely advisory. The variance among the courts in the matter of issuing declaratory judgments results in the fact that some condition it upon the possibility of obtaining executory relief. This does not bother us as that matter is statutorily provided for in Section 639a—1 of the Civil·Code in the following words:

"'* * * and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked."

Difficulty further arises in the fact that some want to treat procedure under the Declaratory Judgment Act as an exclusive remedy when as a matter of fact it is an alternative remedy. It will not be denied merely because another remedy is available. True, under the common law the existence of the remedy determined somewhat the existence of the right, and the assumption followed that for every injury there could be only one remedial writ. This view has been largely changed and there has been opened up an expanding field of · judicial relief. The same group of operative facts may give rise to different remedies. The form of relief becomes optional with the plaintiff, and the selection of one or the other in no way affects the existence of the cause of action. This elective or optional relief is specifically provided for in 639a—1 of the Civil Code as follows:

"In any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; * * *"

In the instant case the plaintiff has elected the remedial advantages of declaratory relief. We think the Declaratory Judgment Act flexible enough to accommodate the set of facts as alleged in the petition herein. See Borchard, Declaratory Judgments, Second Edition, and numerous cases cited therein for an exhaustive treatise showing the broad and flexible scope of the Declaratory Judgment Act. Also see cases too numerous to mention as cited in the Supplement of Vol. 2, Kentucky Digest, Key 6, Action.

While we are not called upon here to pass upon the matter of the demurrers to the original and first substituted petitions, it might be said, more or less parenthetically, that we are at a loss to understand why the demurrers were sustained to either of them. But inasmuch as the appellant indicated a desire to proceed under the Declaratory Judgment Act, we shall say nothing further about them.

We conclude that the second substituted amendment under the Declaratory Judgment Act meets every test of the Act, and the court erred in sustaining demurrer to it.

Wherefore, the judgment is reversed, and the cause remanded for proceedings not inconsistent herewith.