## North East Coal Co. v. Blevins et al.

March 24, 1950.

Rehearing denied May 16, 1950.

Edward L. Allen, Judge.

Wells & Wells, and Howard for appellant.

Wheeler & Wheeler for appellees.

CLAY, COMMISSIONER—Dismissing appeal.

Appellee has filed a motion to dismiss the appeal in this action on the ground it was not perfected within sixty days after rendition of the judgment, as required in declaratory judgment proceedings by Section 639a-5 of the Civil Code of Practice. Appellant takes the position that the action finally developed into one to quiet title, and lost its character as one for a declaration of rights.

There is no doubt the suit was commenced as a declaratory judgment proceeding. Appellant styled his first pleading as "PETITION IN EQUITY UNDER DECLARATORY JUDGMENT ACT." Appellant claimed certain rights under a deed; alleged an actual controversy existed; stated that it was entitled to a declaration of rights; and specifically alleged that the suit was filed under the provisions of Section 639a-2 to 639a-12 of the Civil Code of Practice. The prayer of the petition requested a declaration of rights, and also incidental relief.

By amended petition the defendant joined an additional party; alleged that certain claims were casting a cloud on its title; adopted the allegations of the original petition; and prayed as in its original petition. There was also a prayer for additional and alternative relief.

The judgment in the action declared certain of the appellees owners of the coal and coal rights in controversy, and quieted their title.

It is evident from the pleadings and the judgment that in essence this was a suit to quiet title, and it could have been tried and adjudicated as such. However, no reason appears why it could not also be prosecuted as a declaratory judgment proceeding under the provisions of Section 639a-2.

The controversy is quite similar to that in Maas v. Maas, 305 Ky. 490, 204 S. W. 2d 798, which involved the title to real estate. We held the Declaratory Judgment Act was sufficiently flexible to permit the plaintiff to proceed under it for a determination of his rights, rather than adopt the customary procedure in such cases. As stated in the above case, 305 Ky. on page 495, 204 S. W. 2d on page 800: "Difficulty further arises in the fact that some want to treat procedure under the Declaratory Judgment Act as an exclusive remedy when as a matter of fact it is an alternative remedy. It will not be denied merely because another remedy is available. True, under the common law the existence of the remedy determined somewhat the existence of the right, and the assumption followed that for every injury there could be only one remedial writ. This view has been largely changed and there has been opened up an expanding field of judicial relief. The same group of operative facts may give rise to different remedies. The form of relief becomes optional with the plaintiff, and the selection of one or the other in no way affects the existence of the cause of action."

Several advantages are gained by following this form of procedure, principally among them being the expedition of the case in the trial Court and in the Court of Appeals. There is nothing in the record to indicate that this suit was not conducted as a declaratory judgment case. Since appellant had its choice of remedies and elected to pursue this one, it cannot disclaim the nature of its own proceeding to avoid the consequences of failure to take proper steps within the time limits fixed by the Civil Code of Practice.

Appellant has filed in this Court two affidavits, one executed by its counsel, and the other by one of appellant's employees who was a witness at the trial. These affidavits indicate that at some time during the hearings before the lower Court, the question was raised as to whether or not the suit properly could be prosecuted un-

der the Declaratory Judgment Act, and the statement is made the Chancellor ruled it could not be so prosecuted. We cannot consider these affidavits which were "wheelbarrowed" into this Court after the appeal was taken. We are bound by the record in the case, and nothing therein indicates appellant elected, or was compelled to change his cause of action.

We conclude appellant is bound by his choice of remedies, and as he brought this suit under the Declaratory Judgment Act, he must adhere to the rules governing the procedure in such cases. Civil Code of Practice, sec. 639a-5 allows sixty days to perfect an appeal from the judgment. Appellant did not do so within that time. We, therefore, have no jurisdiction to determine the merits of the case, and the motion to dismiss the appeal must be sustained.

The appeal is dismissed.