**YOST et al. v. RATLIFF et al.**

Court of Appeals of Kentucky.

Oct. 26, 1951.

Rehearing Denied March 14, 1952.

448

O. T. Hinton, Baird & Hays and Francis M. Burke, Pikeville, for appellants.

P. B. Stratton, Pikeville, Combs & Combs, Prestonsburg, Francis L. Rice, Pikeville, for appellees.

CLAY, Commissioner.

Appellee, Columbian Fuel Corporation, brought this interpleader action to have determined the proper distribution of royalties under three oil and gas leases. The facts are not in dispute, and the principal question involves the dower interest of appellee Vicy Ratliff. The Chancellor allowed her the present cash value of her one-third marital interest for life in the amount of royalties which accrued while the suit

was pending, and adjudged her 11.04 percent of future royalties.

Appellee Ratliff is the widow of Newton Phillips who died intestate in 1906, survived by her and three children. These three children, or their grantees, executed oil and gas leases to the inherited property, and the Columbian Fuel Corporation acquired these leases. In 1945 the corporation brought in a gas producing well, and shortly thereafter the widow advised it of her dower interest in the royalties. This suit was then filed.

Appellants who are the representatives of two of the children (the other one having acknowledged the widow's right to royalty payments), first contend that their general demurrer to the petition should have been sustained because the Columbian Fuel Corporation did not state a cause of action. Their position is that if a suit was to be filed, it should have been under Section 639a–1 et seq., of the Civil Code for a declaration of rights.

We have recognized that the right to bring a declaratory judgment action does not supersede other appropriate remedies. Maas v. Maas, 305 Ky. 490, 204 S.W.2d 798. Even though other remedies may be provided, equity courts have jurisdiction to entertain a proper bill of interpleader where the facts warrant it. See 30 Am.Jur., Interpleader, Section 16; 48 C.J.S., Interpleader, §§ 2 and 4; and Kavinedus et al v. Maglia et al., 264 Ky. 276, 94 S.W.2d 675. The pleading of the Columbian Fuel Corporation in this case presents the ideal situation in which such a bill should be entertained, and appellants' first ground for reversal is without merit.

Appellants' second ground is that if the life tenant and remaindermen agree to an apportionment of royalties, they must be paid accordingly, and the leases constitute an agreement that the lessors shall be paid exclusively all the royalties. Two answers to this contention are: (1) the widow was not a party to the leases of appellants; and (2) the leases provide in substance that if the lessors do not have title to the oil and gas, the lessee may withhold payment "in proportion to the outstanding

interest or title." Therefore, the widow's right to direct payment of royalties is properly raised in this suit.

Appellants further urge that the Court erroneously allowed the widow a share in the corpus of the royalties which were paid into Court by the lessee. The contention is that she was only entitled to interest on one-third of the fund for life. It has been held that in the absence of an agreement between the parties, the life tenant may receive only income from accumulating royalties and has no right to any part of the preserved corpus. See Meredith et al. v. Meredith, 193 Ky. 192, 235 S.W. 757; and Miracle et al. v. Miracle et al., 260 Ky. 624, 86 S.W.2d 536, 102 A.L.R. 964. The cases cited by appellees indicate that the Court should have some discretion in deciding the question, but this conflicts with the rule stated in the Miracle case.

There are unusual features in this case which present strong reasons, both legal and equitable, for allowing the apportionment of royalties and the payment thereof to the widow of her share therein even though they may be considered the corpus of the estate. Due to this litigation and the resistance offered by appellants, no interest has accrued on the royalties paid into Court for nearly five years. This has deprived the widow of any income from this fund.

More important, however, is the fact that appellants, under prior orders of the Court, have been distributed and have accepted the principal part of these royalties. As remaindermen they had no more right to this corpus than does the life tenant, in the absence of an apportionment. It seems to us appellants have, by the acceptance of these royalties, agreed that the corpus shall be apportioned and distributed to all of the interested parties. Having accelerated the distribution of their share of the fund, they will not be heard to deny the widow's right to her fair share.

Appellants finally contend that the Chancellor did not correctly compute the cash value of the widow's dower. The substance of the complaint is that a 6 percent rather than a 4 percent interest return was allowed. We think the Chancellor was justified, under the circumstances shown, in making the computation on the 6 percent basis.

The judgment is affirmed.