Harold WHITLEY; Bonnie Whitley; Richard Wilson; Tonya Wilson; Marion Baldwin; Patsy Baldwin; David Wigglesworth; Lynda Wigglesworth; Jeremy McCloud; Kim Mccloud; Rebeka Bertram; David Allen Welch; Jim Alexander; Rose Marie Alexander; Jim Andrews, III; Mark Wilson; Jan Bertram, Helen (Billie) Batte; Helen Batte, Appellants

v.

ROBERTSON COUNTY; Robertson County Fiscal Court; Maryanna Robinson, Appellees.

No. 2011–SC–000612–DG.

Supreme Court of Kentucky.

April 25, 2013.

James Stuart Thomas, Cynthiana, KY, for Appellants.

Jesse Phillips Melcher, Mt. Olivet, KY, for Appellees Robertson County and Robertson County Fiscal Court.

Sannie Louise Overly, Shannon Maureen Johnson, Overly & Johnson, LLC, Paris, KY, for Appellee Mary Anna Robinson.

Opinion of the Court by Justice VENTERS.

Appellant Harold Whitley (Whitley) and others [1] appeal from a decision of the Court of Appeals which reversed a judgment of the Robertson Circuit Court in a lawsuit involving whether a disputed passway located in Robertson County is a private drive or a county road. Appellants contend that the passway is a private drive, whereas Appellees Robertson County and Robertson County Fiscal Court (collectively, Fiscal Court) and Maryanna Robinson contend that the passway in dispute was properly adopted into, and remains a part of, the formal county road system of Robertson County. Our decision, however, is not focused on questions regarding the legal status of the roadway. The questions now before this Court relate to the process that governs the circuit court's adjudication of the road's status and the standards of review to be employed by the circuit court in that adjudication.

The issues we address arise from the Court of Appeals' conclusion, which we regard as erroneous, that Appellants' action could be brought in the circuit court *only* as an appeal from a decision of Robertson County Fiscal Court refusing to order the abandonment, or "discontinuance," of a county road as provided by KRS Chapter 178, not as a declaratory judgment action to determine the road's legal status. The difference is significant because in the adjudication of an appeal under KRS 178.100 from a fiscal court decision, the circuit court must apply the deferential standard of review explained in *Trimble Fiscal Court v. Snyder*, 866 S.W.2d 124 (Ky.App.1993), rather than the *de novo* adjudication of an original action for a declaratory judgment under KRS 413.040. Because the circuit treated the Appellants action as a *de novo* action for declaratory judgment, giving no deference to prior "findings" of a fiscal court action, the Court of Appeals reversed the judgment.

For the reasons stated below, we conclude that the Appellants properly invoked the declaratory judgment process of KRS 413.040 to challenge the legal status of the disputed passway and that the action could not be characterized as an appeal from a fiscal court decision because, under the specific facts of this case, no appealable event had occurred. Accordingly, we reverse the decision of the Court of Appeals, and remand for its further consideration of the remaining unaddressed issues.

1. Other Appellants in this case are Whitley's wife, Bonnie Whitley; and Richard Wilson; Tonya Wilson; Marion Baldwin; Patsy Baldwin; David Wigglesworth; Lynda Wigglesworth; Jeremy McCloud; Kim McCloud; Rebeka Bertram; David Allen Welch; Jim Alexander; Rose Marie Alexander; Jim Andrews, III; Mark Wilson; Jan Bertram, Helen (Billie) Batte; and Helen Batte.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Batte Lane[2] is single lane, dirt and gravel road located in Robertson County that traverses Whitley's property and serves as access to the property of several other parties to this action, including Appellee Maryanna Robinson. Appellants contend that Whitley has fee simple title to the passway pursuant to his deed.[3] Appellees contend that Robertson County has title to the property by its lawful incorporation into the Robertson County road system in 1987.

Whitley and his wife bought the affected land in 1994 and assumed then that Batte Lane was legally and formally part of the Robertson County road system. However, in January 2004, burdened by what he regarded as undesirable traffic which he wanted to limit by erecting gates, Whitley petitioned the Robertson County Fiscal Court to abandon, or formally "discontinue" from the county road system pursuant to the relevant provisions of KRS Chapter 178, the portion of Batte Lane that traversed his property.[4] In February 2004, the matter was formally addressed by the Fiscal Court at a public hearing on the issue, after which the Fiscal Court formally decided against Whitley's petition and voted against the discontinuance of the roadway. This decision of the Fiscal Court was not appealed.

In the following months, additional study of the records relating to the legal status of the road led Whitley to believe that road had never been properly adopted by the county as a part of the official county road system, and therefore was not actually the county's road to abandon. So, at the August 20, 2004 regular meeting of the Fiscal Court, Whitley appeared with his attorney and presented the Fiscal Court with information supporting his claim that the road had never belonged to the county because it had never been properly incorporated into the county road system. Notably, he did not repeat his February 2004 request for the county to officially "discontinue" the road because his point was that the county had lacked any legal interest that it could "discontinue." Instead, Whitley asked the Fiscal Court to acknowledge that there had never been a formal adoption of Batte Lane into the official county road system. The Fiscal Court declined to make that concession; it simply reaffirmed it legal position that Batte Lane "is part of the county road system."

In September 2004, the Appellants filed a Complaint in Robertson Circuit Court seeking a declaratory judgment that the disputed section of Batte Lane was not a lawfully adopted county road. The pleading is captioned "Complaint Seeking Declaration of Rights and Appeal." Robertson Fiscal Court, Robertson County, and Robinson were named as defendants. Appellees answered the complaint and asserted that the disputed section of Batte Lane had properly been adopted as a county road pursuant to KRS 178.115(1), and in the alternative, that the road was a "public road" by prescription or other method.[5]

---

2. The Robertson County section of Batte Lane is also referred to in the record, and upon the official 1987 and 2001 Robertson County road maps, as "Milliken's Lane." There are also references in the record identifying a stretch of the same road as "River Road." For convenience and to avoid confusion, we refer to the roadway as Batte Lane.

3. Appellants acknowledge that Whitley's title is subject to express easements in the other property owners' deeds providing for their use of Batte Lane.

4. This process is discussed in KRS 178.050 and KRS 178.070.

5. It is worth noting that KRS 178.115 refers to fiscal court actions regarding *public* roads, as contrasted with a *county* road, and thus the Fiscal Court's answer appears to be somewhat at odds with its underlying theory that

The parties eventually filed cross-motions for summary judgment on the substantive issue of the road's legal status as a duly adopted county road, a public passway, or a private lane.

Ultimately, the trial court granted Appellants' motion for summary judgment, holding that there were no genuine issues of material fact which would necessitate a trial and that, as a matter of law, the disputed section had *not* been properly adopted as a county road pursuant to the statutory requirements of KRS Chapter 178. The circuit court also concluded that the disputed segment of Batte Lane was not a "public" road pursuant to the provisions of the Chapter. Post-judgment motions to alter, amend, or vacate the judgment (or portions thereof) followed in the normal course. At the request of Appellee Robinson, the circuit court entered an order altering the final judgment "to reflect that the Court considered [the] action to be an original action for Declaratory Judgment," rather than a KRS Chapter 178 appeal from a county fiscal court road issue.

In the Court of Appeals, the Fiscal Court and Robinson asserted not only that the trial court erred in its judgment regarding the road's legal status, but that the circuit court also erred by treating the case as an original action pursuant to the declaratory judgment statute instead of an appeal pursuant to KRS 178.100 from an action of the county fiscal court.[6] As previously noted, the difference is significant because under *Snyder*, judicial review of a fiscal court decision "ordering a new road to be opened, or ordering an alteration or discontinuance of an existing road, or allowing gates to be erected across a road or abolishing existing gates, or a decision refusing any such order," KRS 178.100, is limited to a determination of whether the county court's decision "was arbitrary, including whether there was substantial evidence to support the decision." *Snyder*, 866 S.W.2d at 126. On the other hand, an action for declaratory relief commenced in the circuit court is an original action to be tried *de novo*, in which the circuit judge ascertains the facts without deference to the fiscal court's view.

We granted discretionary review to address the procedural concerns presented by the dispositions of this matter in the circuit court and by the Court of Appeals.

## II. THE ROBERTSON COUNTY FISCAL COURT'S AFFIRMATION OF ITS LEGAL POSITION THAT BATTE LANE WAS A PART OF THE COUNTY ROAD SYSTEM WAS NOT AN APPEALABLE EVENT UNDER KRS 178.100

In its review, the Court of Appeals concluded that the circuit court erred by treating the litigation as an original action for declaratory judgment instead of adhering to the *Snyder* standard required for an appeal of a county fiscal court's road decision. The Court of Appeals reasoned that because "the Robertson County Fiscal Court declined Whitley's requests to abandon a portion of Batte Lane as a county road" and that it based its decision upon "a particular factual situation," Appellants' only recourse was an appeal under KRS 178.100, in which pursuant to *Snyder*, the

---

the disputed passway had been adopted into the *county* road system.

6. KRS 178.100 provides as follows: "From a decision of the fiscal court ordering a new road to be opened, or ordering an alteration or discontinuance of an existing road, or al- lowing gates to be erected across a road or abolishing existing gates, or a decision refus- ing any such order, the party aggrieved may bring an action in the Circuit Court of the county where the road is located to contest the decision of the fiscal court."

trial court's review was limited to a determination of whether the Fiscal Court acted arbitrarily.

That reasoning, however, is based upon two crucial misperceptions. First, Whitley had not requested the Fiscal Court to "abandon a portion of Batte Lane as a county road" at the August meeting. Whitley had simply asked the Fiscal Court to affirm that it had never officially taken Batte Lane into its road system. Second, the Fiscal Court did not make a "determination based upon a particular factual situation." The Fiscal Court simply denied Whitley's claim that the road had not been formally taken into the county road system.

Throughout this proceeding, Appellees have attempted to characterize Appellants' lawsuit as an *appeal* from the Fiscal Court's decision *not to abandon the disputed section as a county road.* Obviously, the Court of Appeals adopted that viewpoint and based its review accordingly. As noted below, however, this crucial premise of the Court of Appeals' entire analysis is flawed. While we remain in full accord with the holding in *Snyder*, we further conclude for the reasons stated below that *Snyder* is not applicable in this case because Appellants' lawsuit simply was not an appeal under KRS 178.100, and cannot fairly be characterized as such.

■ Our review of the record persuades us that no "appeal" could have been taken by Appellants from the August 20, 2004 meeting of the Robertson County Fiscal Court because at that meeting, the Fiscal Court took no formal action of the kind that is appealable under KRS 178.100. Whitley had not asked the Fiscal Court to order "a new road to be opened, or [ ] an alteration or discontinuance of an existing road, or allow [ ] gates to be erected across a road or abolish [ ] existing gates" and the Fiscal Court did not make any such order, nor did it refuse "any such order." [7]

Whitley appeared at the August 2004 meeting and informally asked the Fiscal Court to acknowledge that no formal adoption or dedication of the road had ever occurred. According to the minutes of the August 2004 meeting, the Fiscal Court simply chose not to act upon his request. Possibly, Whitley's attorney was contemplating the declaratory judgment suit that he eventually filed, and recognizing the difficulty of proving a negative—*that the formal incorporation of Batte Lane into the county road system never occurred*—he sought a resolution or stipulation that would eliminate that evidentiary impediment to the impending declaratory judgment action. The county Fiscal Court did not bite, and simply declined to do so. Instead, the Fiscal Court reaffirmed its ongoing stance that the road was a county road.

By its express terms, KRS 178.100 designates as appealable to circuit court, decisions of a fiscal court to order, or to refuse to order, a change in the physical or legal status of a road. Whitley did not request at the August meeting, and the Fiscal Court did not refuse, such an order. What Whitley requested and what the Fiscal Court refused was *not* a change in the road's physical or legal status, but rather an admission or stipulation that a certain act—the formal adoption of the road into the county system—had never occurred. Moreover, there was no determination of fact by the Fiscal Court whether such an act had or had not occurred. The Fiscal Court simply refused to answer the question, and re-stated its legal position that Batte Lane was a part of the county's formal road system. We discern in those

**7.** *See* KRS 178.100

circumstances no action that could properly be construed as an event appealable pursuant to KRS 178.100.[8]

No doubt, Appellants' designation of their initial pleading as a "Complaint Seeking Declaration of Rights and Appeal" contributed to the confusion. Despite its use of the word "appeal" in the caption, the pleading is clearly not an appeal. Paragraph IV of the complaint prominently disclaims any appellate aspect of the pleading.[9]

More importantly, however, at the August 2004 meeting, the Fiscal Court took no action which would have been an appealable event pursuant to KRS 178.100; rather, the Fiscal Court merely declined an informal invitation to admit, or stipulate, that a specific act—the formal adoption of Batte Lane into the road system—had not occurred. The Fiscal Court did not change, or refuse to change, the status of the road, a prerequisite to KRS 178.100 jurisdiction. It did not, as the Court of Appeals assumed, make a "determination [ ] based on a particular factual situation." It made no factual determination. It simply refused to alter the legal stance it had maintained throughout the period of controversy: that Batte Road was a part of the county's official road system. Simply put, that is not a ground for appeal under

KRS 178.100. Appellants could not have appealed that refusal even if they wanted to.

Because no event or action, appealable pursuant to KRS 178.100 occurred, we cannot construe the present proceedings as an appeal from a denial of a request to abandon a county road. The Court of Appeals erred in its conclusion that the circuit court should have limited its review to the standards established in *Snyder*.

As further discussed below, we believe that the Appellants' September 2004 filing in the Robertson Circuit Court is best construed as a quiet title action brought as a declaratory judgment action pursuant to KRS 413.040 seeking to quiet title to the disputed section of property.[10]

## III. KRS 413.040 IS A PROPER PROCEDURAL METHOD TO RESOLVE WHETHER A DISPUTED PASSWAY IS A COUNTY ROAD OR A PRIVATE DRIVE

We also review in this case whether, in light of KRS 178.100, a property owner such as Whitley, who claims that a county has improperly or unlawfully incorporated his private driveway as part of its county road system, or claimed his private driveway as part of its county road system,

8. While the *February* 2004 Fiscal Court meeting *did* involve a request by Appellants to discontinue the passway as a county road, the *August* 2004 appearance had nothing to do with a request to discontinue a county road. Appellants had abandoned that premise by the time of the August 2004 meeting.

9. Paragraph IV of the complaint reads, in pertinent part:
 On August 20, 2004, Plaintiff Harold Whitley requested the Fiscal Court of Robertson County to recognize that a certain segment of this private drive was not a County road ... The Robertson County Fiscal Court declined to so recognize. *While the Plaintiff does not believe the failure to act is a matter*

*which requires an appeal, to the extent that Plaintiff Harold Whitley, may he obligated to appeal this decision of the Fiscal Court, this Complaint and Appeal is being filed, and the County and its Fiscal Court named as Defendants, to preserve any rights which may be affected by [ ] Robertson County's inaction.* (emphasis added).

10. KRS 178.415 vests fee simple title to a properly adopted county road in the county; Whitley has fee simple title to the property pursuant to his deed, subject to easements of all property owners to the south. Thus the principal issue in the litigation is whose claim to title is superior.

may challenge the county's action or claim pursuant to KRS 413.040, or whether he must instead first bring the issue before the county fiscal court for its initial consideration of the issue pursuant to KRS Chapter 178.

10 KRS 178.415 vests fee simple title to a properly adopted county road in the county; Whitley has fee simple title to the property pursuant to his deed, subject to easements of all property owners to the south. Thus the principal issue in the litigation is whose claim to title is superior.

 We begin by noting that it is well-established that declaratory relief is not appropriate where a special statute is clearly intended to provide an exclusive remedy. *Bowling v. Kentucky Dept. of Corrections*, 301 S.W.3d 478 (Ky.2009); *Yost v. Ratliff*, 246 S.W.2d 447 (Ky.1951) (right to bring declaratory judgment action does not supersede other appropriate remedies); *Cf. Maas v. Maas*, 305 Ky. 490, 204 S.W.2d 798 (1947) (procedure under the Declaratory Judgment Act is an alternative remedy and not exclusive and will not be denied merely because another remedy is available). Nevertheless, subject to applicable limitations established by the legislature and the assorted rules and precedents of this Court, a plaintiff is the master of his own complaint, and is thus entitled to plead his cause of action among alternative courses of action as he deems best to pursue his litigation objectives. *See The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon[.]").

In this case, Appellants' position is that the disputed section is a private drive and that, therefore, the Fiscal Court has no KRS Chapter 178 jurisdiction over the passway. If they are correct, then there is no readily apparent reason why they would first pursue an action with the Fiscal Court to resolve the dispute. Further, from Appellants' perspective, Robertson County is the party that has unlawfully seized the disputed property, and so they likely would consider the county's body politic, the Robertson Fiscal Court, as an unattractive forum in which to assert a claim for impartial remediation; indeed, in this controversy, the Robertson County Fiscal Court is an adversary of the Appellants' upon the issue of who holds superior title to the disputed passway.

As further explained below, KRS 413.040 is ideally suited for resolution of a controversy of this type. On the other hand, KRS Chapter 178 contains no clear directive from the legislature that a party who seeks an adjudication that a passway across his property is his private drive rather than a county road must first go before the Fiscal Court and obtain its ruling on the issue prior to resorting to the civil courts.

### A. KRS 418.040

KRS 418.040 is an expansive statute which permits parties involved in a dispute to resolve conflict in a nearly limitless number of situations. It is therefore fair to say that the provision is a crucial provision implementing our Constitution's mandate that "All courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." Ky. Const. § 14; *see also O'Bryan v. Hedgespeth*, 892 S.W.2d 571, 578 (Ky.1995) ("The right of every individual in society to access a system of justice to redress wrongs is basic and fundamental to our common law heritage."). The statute provides as follows:

In any action in a court of record of this Commonwealth having general jurisdic-

tion wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked.

Here, there is clearly an actual, justiciable controversy suited to the declaratory judgment process. The parties are involved in a disagreement over whether the disputed section is a county road or a private drive; the ultimate issue is whether the passway may be gated as a private drive.[11] KRS 418.045 provides that

> [a]ny **person interested under a deed,** will or other instrument of writing, or in a contract, written or parol; or whose rights are affected by statute, municipal ordinance, or other government regulation; **or who is concerned with any title to property,** office, **status** or relation; or who as fiduciary, or beneficiary is interested in any estate, provided always that an actual controversy exists with respect thereto, **may apply for and secure a declaration of his right or duties,** even though no consequential or other relief be asked. The enumeration herein contained does not exclude other instances wherein a declaratory judgment may be prayed and granted under KRS 418.040, whether such other instance be of a similar or different character to those so enumerated.

(emphasis added).

The controversy at issue here obviously fits comfortably within this non-exhaustive list. The Whitleys possess a *deed* which reflects that they own the property in fee simple, subject to an easement of all properties to the south. Similarly, the dispute is also concerned with *title* to the disputed section; that is, whether the Whitleys still own the property or whether the county has obtained title to it by its incorporation into the county road system or through some other means. In addition, the parties contest the *status* of the disputed section; i.e., whether or not it is a county road or a private drive.

It is worth noting that this dispute, while not specifically argued by the parties as such, is analogous to a quiet title action, and that KRS 411.120 provides that an action to quiet title may be brought by "[a]ny person having both the legal title and possession of land ... against any other person [12] setting up a claim to it." And while this statute is a specific statutory provision governing the bringing of a quiet title action, nevertheless, in *North E. Coal Co. v. Blevins,* 312 Ky. 628, 229 S.W.2d 162 (1950), we stated that, "[i]t is evident from the pleadings and the judgment that in essence this was a suit to quiet title, and it could have been tried and adjudicated as such. However, no reason appears why it could not also be prosecuted as a declaratory judgment proceeding under the provisions of [KRS 413.040]." *Id.* at 162–63; *see also Maas v. Maas,* 305 Ky. 490, 204 S.W.2d 798 (1947) (holding in controversy involving title to real estate that the Declaratory Judgment Act was sufficiently flexible to permit the plaintiff to proceed under it for a determination of his rights, rather than adopt the custom-

---

11. We again emphasize that the case before us is not a situation where all parties agree that the passway is a county, or public, road and the dispute is over whether it should be abandoned; in that circumstance, original jurisdiction would manifestly lie with the fiscal court. *See* KRS Chapter 178.

12. The statute refers to bringing an action against a *person;* however, because of our disposition of the case, we need not decide whether the Fiscal Court is a "person" under KRS 411.120 for purposes of bringing a quite title action under that section.

ary procedure in such cases) and *Gillig v. Stofer*, 279 Ky. 349, 130 S.W.2d 762 (1939) (action may be brought under KRS 418.040 et seq., to obtain the opinion of a court on a question of law involving title to real estate.).

In summary, the relevant statutory text plainly would permit the plaintiffs' action by way of a declaratory judgment proceeding, and the cited case authorities further support application of the provision to the situation we address.

## B. KRS Chapter 178

We begin this section of our discussion by noting that KRS Chapter 178 provides fiscal courts with broad authority over county roads and public roads, including original jurisdiction involving many aspects involving these roads. *See* KRS Chapter 178.

Corresponding to this grant of original authority, the legislature has provided a means for an aggrieved party to challenge a fiscal court's determinations in those areas where it has original jurisdiction. *See* KRS 178.100. Indeed, this provision provides a useful summary of those areas in which fiscal courts are conferred with original jurisdiction. The provision, KRS 178.100, states as follows:

> From a decision of the fiscal court ordering a new road to be opened, or ordering an alteration or discontinuance of an existing road, or allowing gates to be erected across a road or abolishing existing gates, or a decision refusing any such order, the party aggrieved may bring an action in the Circuit Court of the county where the road is located to contest the decision of the fiscal court.

■ As may be seen, this statute granting an aggrieved party appellate rights in KRS Chapter 178 actions by a fiscal court makes no reference to a decision by a fiscal court resolving a controversy concerning whether a disputed passway has previously lawfully been incorporated into the county road system or is, rather, a private drive. Of course, if the legislature intended to confer fiscal courts with such authority in KRS Chapter 178, it is inconceivable that it would not *also* have listed those types of decisions among those decisions which may be appealed. Thus, we need not belabor our discussion with a statute by statute survey of KRS Chapter 178 in order to establish that the legislature has, in fact, not conferred fiscal courts with original authority over the type of action we address. Indeed, we have carefully examined KRS Chapter 178 and may say with confidence that there is no provision in the Chapter which may even remotely be construed to give fiscal courts original jurisdiction over this type of controversy.[13]

■ As a final consideration, we would note that the county is the landowner's adversary in a controversy such as this, and the fiscal court is an arm of the county. Therefore, the legislature's grant of original jurisdiction to fiscal courts to decide a dispute of this nature would be constitutionally questionable. A central tenet of procedural due process is that with respect to adjudicatory matters, whether they be judicial or administrative in nature, "Kentucky citizens [must] be assured of fundamentally fair and unbiased procedures." *Smith v. O'Dea*, 939 S.W.2d 353, 357 (Ky.App.1997). Similarly, it is

---

13. In support of their position the Appellees also cite us to KRS 23A.010(4), which provides that: "The Circuit Court may be authorized by law to review the actions or decisions of administrative agencies, special districts or boards. Such review shall not constitute an appeal but an original action." However, we do not find this provision useful to our review.

**900**

well-settled that where due process is required, a biased decision-maker is "constitutionally unacceptable." *Hart Cnty. Bd. of Educ. v. Broady,* 577 S.W.2d 423, 426 (Ky.App.1979). Under the procedure advocated by the Appellees, and endorsed by the Court of Appeals, in the initial review of the controversy, the county would be setting at both the defense table and behind the bench. "It is elementary that no man may sit in judgment upon his own cause, and no citation of authorities is necessary to demonstrate the law." *State v. Polley,* 34 S.D. 565, 138 N.W. 300, 301 (1912). For this reason we are further persuaded to reject the Appellees' proposed interpretation of KRS Chapter 178. *Wilburn v. Commonwealth,* 312 S.W.3d 321, 328 (Ky.2010) ("We refrain from interpreting a statute so as to produce an absurd or unreasonable result.").

### C. Summary

In summary, KRS 413.040 is a proper procedural vehicle for a plaintiff to bring an action against a county and its fiscal court alleging that the county has unlawfully incorporated his private drive into its county road system. Correspondingly, a land-owner need not first go before the fiscal court to obtain its ruling on the matter, and then be required to proceed to circuit court by way of an appeal with corresponding *Snyder* deference. Nevertheless, however, an informal appearance such as made by Whitley in this case in August 2004, while certainly not necessary, is obviously advisable, because the fiscal court may agree with the land-owner and thereby resolve the controversy without the need for further litigation expenditures. Such an informal appearance does not, however, convert any subsequent circuit court litigation into a KRS Chapter 178 appeal.

### IV. CONCLUSION

For the foregoing reasons, the decision of the Court of Appeals is reversed, and the cause is remanded to the Court of Appeals for its further consideration of the remaining unaddressed issues.

MINTON, C.J., ABRAMSON, CUNNINGHAM, NOBLE and SCOTT, JJ., concur. KELLER, J., not sitting.