RENDERED: FEBRUARY 20, 2025
TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0378-DG

KIMBERLY DERAMOS                                                         APPELLANT

V.

ON REVIEW FROM COURT OF APPEALS
NO. 2022-CA-0563
JEFFERSON CIRCUIT COURT NO. 22-CI-000008

ANDERSON COMMUNITIES, INC.                                              APPELLEE

**OPINION OF THE COURT BY JUSTICE BISIG**

**<u>REVERSING</u>**

Kimberly Deramos and her Shih Tzu, Princess, lived in an apartment complex owned by Anderson Communities. While returning from a walk, Deramos and Princess were attacked by a pit bull that Deramos alleges was owned by a neighboring tenant. Princess died from the attack and Deramos sustained injuries. Deramos sued Anderson Communities, alleging that Anderson Communities negligently failed to maintain a safe environment for its tenants. Ultimately, the Jefferson Circuit Court granted Anderson Communities' motion to dismiss for failure to state a claim pursuant to Kentucky Rule of Civil Procedure (CR) 12.02(f), relying on the strict liability dog-bite rule found in Kentucky Revised Statute (KRS) 258.235(4). Importantly, Deramos did not rely on this statute in her complaint. The Court of Appeals affirmed, similarly holding that Anderson Communities was not an

"owner" as that term is defined by KRS 258.095(5) and therefore could not be strictly liable for the injuries caused by the dog.

After granting discretionary review, considering oral arguments, and carefully reviewing the record, we reverse and remand this case for further proceedings consistent with this Opinion.

**FACTS AND PROCEDURAL HISTORY**

In January 2021, Kimberly Deramos lived in an apartment complex owned and managed by Anderson Communities. Deramos was returning from walking her Shih Tzu, Princess, when she and Princess were attacked by a dog that Deramos alleged was owned by a neighboring tenant in a common area of the apartment complex. Princess died from her injuries and Deramos sustained injuries to her nose and both hands from the dog attack. Deramos required surgery on one of her hands and later received counseling for Post Traumatic Stress Disorder from the incident.

According to a written policy of the apartment complex, certain breeds of dogs were not allowed as pets. Deramos alleged the dog that attacked her and killed Princess was a pit bull, which is one of the restricted breeds. Deramos filed a negligence claim against Anderson Communities and alleged it was negligent in "maintaining a safe environment for tenants" and was "otherwise negligent." She sought damages for past and future medical expenses, pain and suffering, and compensation for the loss of Princess.

In response, Anderson Communities denied liability and filed a CR 12.02 motion to dismiss for failure to state a claim upon which relief may be granted.

2

Anderson Communities relied on KRS 258.235(4), a strict liability statute, which provides that "[a]ny owner whose dog is found to have caused damage to a person, livestock, or other property shall be responsible for that damage." Anderson Communities argued it was not an "owner" under the statute and thus could have no liability for the attack. Importantly, however, Deramos did not cite this strict liability statute in her complaint, but instead complained Anderson Communities negligently failed to maintain a safe environment for its tenants and was "otherwise negligent."

The Jefferson Circuit Court granted Anderson Communities' motion to dismiss and focused solely on Anderson Communities' argument under the strict liability statute that it was not an "owner" as that term is defined in KRS 258.095(5). That subsection states that a person who "[p]ermits the dog to remain on or about premises **owned and occupied** by him or her" qualifies as a dog "owner" for strict liability purposes. KRS 258.095(5)(b)3 (emphasis added). The circuit court reasoned that Anderson Communities, as a corporation, cannot actually occupy any dwelling, and that the intent of the statute was clearly to include only landlords who actually lived on the premises. Further, the circuit court opined that Anderson Communities' banned breeds list evidenced that it did not allow dangerous dogs to be on the premises and took active steps to prevent it.

Deramos filed a motion to reconsider, asserting that the circuit court failed to address her negligence claims. Deramos also pointed out that no

3

discovery had taken place, but the circuit court denied the motion and entered a final and appealable decision on April 26, 2022.

Deramos appealed to the Court of Appeals which affirmed the circuit court. The Court of Appeals echoed much of the circuit court's reasoning and likewise concluded that Anderson Communities was not an "owner" under the statutory definition and therefore not subject to strict liability for the dog attack. Neither of the lower courts addressed Deramos's general negligence claim. We granted discretionary review to determine whether dismissal pursuant to CR 12.02(f) was proper.

## ANALYSIS

We must determine whether the circuit court erred in granting Anderson Communities' motion to dismiss. A motion to dismiss pursuant to CR 12.02 presents a pure question of law, so "a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo." *Fox v. Grayson,* 317 S.W.3d 1, 7 (Ky. 2010). "A motion to dismiss for failure to state a claim upon which relief may be granted 'admits as true the material facts of the complaint.'" *Id.* (quoting *Upchurch v. Clinton Cty.,* 330 S.W.2d 428, 429-30 (Ky. 1959)). Thus, "a court should not grant such a motion 'unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved[.]'" *Id.* (citation omitted).

Deramos's complaint alleges that Anderson Communities was negligent in maintaining a safe environment for tenants. Despite Deramos never citing nor relying upon Kentucky's dog bite liability statutes, KRS 258.095 and

4

258.235, both the circuit court and Court of Appeals rested their holdings on principles and case law surrounding strict liability for injuries caused by dogs. Put simply, the strict liability dog bite statute is inapplicable to Deramos's claim. Because "this Court does not issue advisory opinions[,]" *Ex parte Smith,* 664 S.W.3d 505, 508 (Ky. 2022), we will not analyze whether Anderson Communities constitutes a statutory dog owner. However, we note that the dog-bite strict liability statutes have undergone changes in recent years that reflect legislative intent as to the imposition of strict liability to premises owners.

In 2012, the Court decided *Benningfield ex rel. Benningfield v. Zinsmeister,* 367 S.W.3d 561, 562 (Ky. 2012), and held that a landlord could be liable to a third party for injuries caused by a tenant's dog.[1] On June 29, 2017, the General Assembly redefined the statutory definition of dog owner. In relevant part, the now-existing version of KRS 258.095(5)(b)3 defines a dog owner as a person who "permits the dog to remain on or about premises owned **and** occupied by him or her . . . ." (Emphasis added). Therefore, landowners are only considered dog owners for strict liability purposes if they both own **and** occupy the premises where the dog-related injury occurs.

---

[1] Notably, in Justice Schroeder's dissent criticizing the majority's expansion of liability, he mentioned that Benningfield also argued that even if the landlords were not statutory owners, they would still be liable under common law negligence principles. *Id.* at 573. In his dissent Chief Justice Minton opined that a landlord whose tenant's dog injures a third party should be held liable under general negligence principles even when the injury occurs off the leased property. *Id.* at 575.

The General Assembly has commanded: "[a]ll statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature . . . ." KRS 446.080(1). Generally, by creating a strict liability statute, the legislature has expressed that dog owners shall be strictly responsible for injuries caused by their dogs. However, by replacing the "owned **or** occupied" language with "owned **and** occupied," especially in light of the *Benningfield* decision, the legislature has effectively reduced the imposition of strict liability on landlords for injuries caused by a tenant's dog.

"[W]e presume that the legislature is aware of the state of the law when it enacts a statute, including the judicial construction of prior enactments." *Indep. Bank v. Welch,* 636 S.W.3d 528, 535 (Ky. 2021) (citation omitted). Here, this awareness includes this Court's interpretation in *Benningfield* that a landlord can be a statutory owner of a dog for strict liability purposes. 367 S.W.3d at 569. Arguably, the General Assembly acted after the *Benningfield* decision to address the Court's seemingly broad interpretation of landlord liability under the dog bite statute and chose to significantly narrow the circumstances where a landlord could be considered a statutory owner of another person's dog.

Importantly, Deramos neither cited the strict liability dog bite statute nor relied upon it. Instead, she filed a negligence claim. Negligence and strict liability are two separate and distinguishable legal concepts with their own legal standards. Strict liability imposes responsibility irrespective of fault or intent – the mere fact that an injury occurred is enough to establish liability.

6

In stark contrast, in pursuing a negligence claim, proving fault is essential. A plaintiff must prove a person's actions, or inaction, fell below the applicable standard of care, leading to injury or damage.

Although not binding on this Court, the Court of Appeals recently examined the dog bite statute in *Horbach v. Forsythe,* 667 S.W.3d 1 (Ky. App. 2023). Horbach, a dog walker, was paid to walk the Forsythes' dog and was bit on the hand, suffering injuries. *Id.* at 2. Horbach's complaint alleged the dog owner was liable for both strict liability and negligence. *Id.* The Court of Appeals ultimately agreed with the trial court's grant of summary judgment in favor of the Forsythes concluding that Horbach constituted a statutory owner under KRS 258.095(5)(b)2 because the dog was in her care and Horbach was therefore prohibited from suing the Forsythes for her injuries. *Id.*

However, the Court of Appeals highlighted that Horbach sued under two theories of liability – strict liability and negligence:

> Strict liability is not negligence; and one who is not strictly liable is not necessarily exempt from negligence—which is a point we have recognized at least twice before in similar circumstances. *See, e.g., Paige v. McCord,* No. 2017-CA-000188-MR, 2018 WL 6434518 (Ky. App. Dec. 7, 2018); *Cruz v. Henderson,* No, 2021-CA-0983-MR, 2022 WL 2898498 (Ky. App. Jul. 22, 2022) (addressing strict liability claims and common law negligence claims separately and under different legal standards in the context of dog bite liability).

*Id.* at 6. While *Horbach* involves a negligence claim against a dog's secondary owner and a dog's primary owner, it aptly notes the distinction between a statutory strict liability claim and a negligence claim—a distinction we find significant here.

7

Deramos's complaint alleges that Anderson Communities was negligent in maintaining a safe environment for tenants and was "otherwise negligent." "Kentucky is a notice pleading jurisdiction, where the 'central purpose of pleadings remains notice of claims and defenses.'" *Pete v. Anderson,* 413 S.W.3d 291, 301 (Ky. 2013) (quoting *Hoke v. Cullinan,* 914 S.W.2d 335, 339 (Ky. 1995)). CR 8.01(1) requires that "[a] pleading which sets forth a claim for relief . . . shall contain (a) a short and plain statement of the claim showing that the pleader is entitled to relief and (b) a demand for judgment for the relief to which he deems himself entitled." As interpreted by this Court, "[i]t is not necessary to state a claim with technical precision under this rule, as long as a complaint gives a defendant fair notice and identifies the claim." *Grand Aerie Fraternal Ord. of Eagles v. Carneyhan,* 169 S.W.3d 840, 844 (Ky. 2005) (citation omitted). Moreover, we have long recognized that "a plaintiff is the master of his own complaint, and is thus entitled to plead his cause of action among alternative courses of action as he deems best to pursue his litigation objectives." *Whitley v. Robertson Cnty.,* 406 S.W.3d 11, 17 (Ky. 2013). As such, a plaintiff is also entitled to "to decide what law he will rely upon . . . ." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913).

Here, Deramos stated in her complaint that Anderson Communities was negligent and that she sustained injuries as a result of that negligence. This gave Anderson Communities notice of her general negligence claim. She also did not invoke the statutory dog bite strict liability scheme, and therefore the

8

circuit court erred in dismissing that claim by applying strict liability precedent and principles.

As noted above, the strict liability imposed on dog owners as codified in KRS 258.235 and 258.095 is "clearly part of a scheme to displace or abrogate the common law rule on dog-bite liability **in part** to expand liability, presumably to create incentives for various actors to take steps to reduce the chances of dog bites." *Benningfield,* 367 S.W.3d at 566 (emphasis added). As contemplated in *Maupin v. Tankersley,* 540 S.W.3d 357, 359 (Ky. 2018), without these strict liability statutes, "common law negligence would govern dog bite cases." We agree with the Court of Appeals' interpretation in *Horbach* that KRS 258.095 was "designed to convert *part* of the liability otherwise contemplated by the common law into strict liability." 667 S.W.3d at 6-7.

Returning to our standards for resolving a motion to dismiss for failure to state a claim, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." *Fox,* 317 S.W.3d at 7 (quoting *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009)). Here, Deramos alleges in her complaint that the dog that attacked her and Princess was an unauthorized breed of dog, and that she and Princess were in a common area of the apartment complex when the attack occurred. In response to Anderson Communities' motion to dismiss, Deramos further added that the dog that attacked her and Princess was a pit bull owned by another tenant, and that pit bulls are on Anderson Communities' "Restricted Breeds List."

Tenants are required to disclose the breed of dog they intend to keep on the premises and provide veterinarian records confirming the breed.

To reiterate, "a court should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved[.]" *Id.* (citation omitted). Having met our generous notice pleading standards, and including allegations of general negligence in her complaint, Deramos is permitted to proceed with her claim against Anderson Communities. Without taking any position on the merits of Deramos's claims, we hereby reverse the CR 12.02 dismissal. A negligence claim can proceed even where a separate strict liability claim, especially one that was never pleaded, might fail. As such, the circuit court erred in dismissing Deramos's complaint.

### CONCLUSION

We reverse the dismissal of Deramos's claim and remand this case to the Jefferson Circuit Court for further proceedings consistent with this Opinion.

Lambert, C.J.; Bisig, Conley, Keller, Nickell, Thompson, JJ., sitting. All concur. Goodwine, J., not sitting.

COUNSEL FOR APPELLANT:

Grover S. Cox
Cox & Cox Law Office, PLLC

COUNSEL FOR APPELLEE:

J. Michael Wells
Travis, Herbert & Stempien

10